CLARK, C. J., dissenting. *Page 542 
Indictment for murder. Before impaneling the jury the solicitor announced that he would not ask for a verdict of murder in first degree.
One of the jurors was taken ill, and the trial proceeded with eleven jurors.
The defendants were convicted of manslaughter and sentenced to the penitentiary.
In apt time they moved in arrest of judgment as well as for a new trial, upon the ground that they were not tried by a lawful jury (657) of twelve men. His Honor, upon such motion, rendered the following judgment:
FINDING OF FACT.
As the ground for a new trial contained in said two affidavits of defendants, to wit, that they were tried by a jury composed only of eleven men, the court is of the opinion that the defendants are not entitled to any finding of fact on this matter, and so holds; but if the Supreme Court is of a contrary opinion, then he makes the following findings of fact:
That this case was called for trial on Wednesday morning of the first week, when the solicitor moved for a continuance on the ground of the absence of two witnesses to the shooting — one being sick in bed in Canton and the other in South Carolina. Defendants resisted the continuance and insisted on a trial at this term, and the court denied the motion for continuance; that the entire afternoon was consumed before a jury was selected; that the defendants did not exhaust their peremptory challenges; that the jury, after being impaneled, was in charge of an officer for the night who was duly sworn; that Thursday morning, before any evidence had been offered, the solicitor asked that the jury be excused, and in the absence of the jury stated to the court that since the adjournment he and counsel for the defendant had discovered that one of the jurors selected was subject to fits; that he had recently been in Johns Hopkins Hospital and a part of his brain removed, and that he was liable to lose his mental balance if subjected to much mental strain, and that in the opinion of counsel he was not mentally competent to sit on the jury; that the State was willing to call in another juror or to make a mistrial or to get an entirely new panel; that counsel for defendants insisted on proceeding with eleven men, and thereupon it was agreed in open court by the defendants, speaking in open court through their counsel, and the solicitor for the State, that the case would proceed with eleven jurors, and that the clerk should make *Page 543 
no record of the fact that one of the jury had been excused by (658) consent; that defendants waived their right to have a full panel, and that no point should ever be raised that only eleven men were in the jury box; and thereupon the court excused said juror and directed the trial to proceed; that the two defendants are men of more than ordinary intelligence; that McCracken is about 27 or 28 years of age and the defendant Rogers about 40 years of age, and their families are prominent and wealthy; that both these defendants are possessed of sufficient mental capacity to understand and did understand that both they and their counsel were entering into said agreement, and they having elected and consented to proceed with eleven jurors, the court consented to this course.
These defendants were represented by four able and experienced counsel, one of whom has filled the office of solicitor for two terms.
That the trial proceeded through Thursday, Friday, Saturday, and on Monday the court delivered the charge to the jury; that the defendants were present during this time, during the sessions of court (being under good bonds, the court did not order them in custody during the progress of the trial); that the jury returned their verdict Monday afternoon.
At the request of defendants' counsel, the court gave them until Wednesday of the second week before pronouncing the judgment of the court, and on Wednesday the defendants again stated that they were not ready, and asked for another day, so the court gave them until Thursday a. m.
On Thursday the defendants filed said affidavits, and this was the first time it was suggested that they would attempted to repudiate their solemn agreement; that the defendants were represented by the same counsel throughout the entire term of court; that the defendants did not ask to discharge their original counsel nor did said counsel ask to withdraw from the case, but the same counsel who made the agreement made the motions aforesaid for a new trial.
Wherefore the court is of the opinion that by their conduct (659) defendants are estopped to set up the claim that there were only eleven men in the jury box, and the court denies the motion, and the defendants except.
 Wherefore the court denies the motion and the defendants except. H. A. FOUSHEE, Judge Presiding.
The defendants appealed. *Page 544 
It is elementary that a jury, as understood at common law and as used in our constitutions, Federal and State, signifies twelve men duly impaneled in the case to be tried. A less number is not a jury. Traction Co. v. Hof,174 U.S. 91.
In Lamb v. Lamb, 4 Ohio St. 167 Chief Justice Thurman said: "That the term `jury' without addition or prefix imports a body of twelve men in a court of justice, is as well settled as any legal proposition can be."Opinion of the Justices, 41 N. H., 550; United States v. 1363 Bags ofMerchandise, 2 Sprague, 85; United States v. R. R., 123 U.S. 113.
In S. v. Scruggs, 115 N.C. 805, it is held that, "The jury provided by law for the trial of indictments is composed of twelve men, a less number is not a jury, and a trial by a jury in a criminal action cannot be waived by the accused."
In S. v. Stewart, an indictment for assault and battery, Justice Ashe
says: "It is a fundamental principle of the common law, declared in Magna Carta, and again in our Bill of Rights, that no person, shall be convicted of any crime but by the unanimous verdict of a jury of good and lawful men in open court. Art. I, sec. 13. The only exception to this is where the Legislature may provide other means of trial for petty misdemeanors, with the right of appeal.
"The court here has undertaken to serve in the double capacity of judge and jury, and try the defendant without a jury, which it (660) had no authority to do, even with the consent of the prisoner."
Citing 1 Bish. Cr. Law, 759.
In S. v. Holt, 90 N.C. 750, an indictment for cruelty to animals, it is held that a jury trial cannot be waived by the defendant in a criminal action.
The defendant may plead guilty, or nolo contendere, or autrefoisconvict, and of course the impaneling of a jury is unnecessary; but when he pleads not guilty in cases, such as this, where a trial by jury is guaranteed by the organic law, he must be tried by a jury of twelve men, and he cannot waive it. S. v. Moss, 47 N.C. 66; Cancemi v. People,18 N.Y., 128.
It would have been much safer for his Honor to have followed the settled precedents of this Court, and have discharged the jury and impaneled another. *Page 545 
Innovations in settled methods of procedure are generally unwise, especially in criminal cases. In this connection it is well to remember the words of Chief Justice Merrimon, "A great danger arises from practices and precedents that insidiously gain foothold and power in courts of justice by inadvertence and lack of due consideration. . . . In the economy of time, the hurry of business, lack of attention, hasty consideration, irregular methods of trial are adopted, allowed, and tolerated, and thus vicious practices spring up, creating sources of danger to constitutional right."S. v. Holt, supra.
New trial.