STATE v. W. A. HARTSFIELD.

(Filed 8 October, 1924.)

1. **Appeal and Error — New Trials — Motions — Newly Discovered Evidence—Procedure.**

   The Supreme Court, on appeal in criminal cases, will not entertain a motion for a new trial for newly discovered evidence, though it may be entertained in the Superior Court at least during the term at which the case was tried, and allowed, or not, in the discretion of the judge presiding there.

2. **Same—Facts Found by the Trial Judge.**

   The facts found upon the evidence by the trial judge upon a motion for a new trial for newly discovered evidence, are not subject to review on appeal.

**3. Same—Criminal Law.**

> As a matter of right the State cannot introduce depositions as evidence against the prisoner, the constitutional right of the prisoner to confront his accusers including his right of cross-examination in the presence of the jury impaneled to try him.

**4. Same—Waiver—Objections and Exceptions.**

> The prisoner upon his trial for a crime less than a capital offense waives his right to have a State's witness present before the jury impaneled to try his case, by not objecting to the State's introducing depositions of the witness, and this may be done by the prisoner's attorney in the presence of the prisoner during the trial. The distinction between this case and the waiver of the right to a trial by jury drawn by STACY, J.

APPEAL by defendant from *Grady, J.,* at May Criminal Term, 1924, of WAKE.

Criminal prosecution tried upon an indictment charging the defendant (1) with selling or disposing of, for gain, certain spirituous, vinous or malt liquors (C. S., 3367 and 3373), and (2) with having or keeping in his possession, for the purpose of sale, certain spirituous, vinous or malt liquors (C. S., 3379,) contrary to the statutes in such cases made and provided, etc.

From an adverse verdict and sentence of 18 months on the roads, the defendant appeals, assigning errors.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*Douglass & Douglass and J. R. Hood for defendant.*

STACY, J. The defendant, *in limine,* lodged a motion for a new trial upon the ground of newly discovered evidence. It is alleged that the information which the defendant considers vital and important to his defense, came to his attention after the adjournment of the term of court at which the case was tried, and after the appeal was docketed here. *Allen v. Gooding,* 174 N. C., 271. It is the settled rule of practice with us, established by a long and uniform line of decisions, that new trials will not be awarded by this Court in criminal prosecutions for newly discovered evidence. *S. v. Williams,* 185 N. C., p. 664; *S. v. Jenkins,* 182 N. C., 818; *S. v. Lilliston,* 141 N. C., 857, and cases there cited. Such motion may be entertained in the Superior Court, at least during the term at which the case was tried, and allowed or not in the discretion of the judge presiding. *S. v. Trull,* 169 N. C., p. 370; *S. v. Starnes,* 97 N. C., 423. And ordinarily, the action of the trial court and his findings of fact on such motion are not subject to review on appeal. *S. v. Degraff,* 113 N. C., p. 694.

Following the established precedents, defendant's motion for a new trial, based on the ground of newly discovered evidence, must be denied in this Court, as a matter of procedure without passing upon its merits. *S. v. Turner,* 143 N. C., 641; *S. v. Starnes, supra.*

We then come to a consideration of the record.

The defendant's chief assignment of error, emphasized most strongly on the argument and stressed in his brief, is the one addressed to the action of the court in permitting the solicitor to offer in evidence the deposition or affidavit of one of the State's absent witnesses. When the case was called for trial at the September Term, 1923, the defendant moved for a continuance. This was resisted by the solicitor on the ground that George McKeithan, a witness for the State, would be absent from the jurisdiction of the court at the next term; whereupon it was "agreed that his statement might be taken and sworn to before *Calvert, J.,* or the clerk of the court: W. F. Evans, solicitor, representing the State, and W. H. Sawyer representing the defendant."

Defendant calls attention to the fact that while, on the record, this statement seems to have been taken with his consent, or at least with the consent of his counsel, it nowhere appears to have been prepared in pursuance of an agreement on his part that it might be used in evidence against him. But even if such were the agreement, and omitted by inadvertence from the record, defendant further says the agreement, on its face, did not extend beyond the next succeeding term and, therefore, it could not lawfully be used against him several terms thereafter.

There is no statute in North Carolina authorizing the taking of depositions to be used as evidence by the State in criminal prosecutions. This privilege is extended to the defendant in certain cases (C. S., 1812,) but it may not be exercised by the State as a matter of right. With respect to the witnesses offered by the prosecution, the defendant has the right to demand their presence in the courtroom, to confront them with other witnesses, and to subject them to the test of a competent cross-examination where their bearing and demeanor may be observed by the jury. *S. v. Mitchell,* 119 N. C., 784. The defendant may not be required, against his will, to examine the State's witnesses in the absence of the jury. "He is entitled to have the testimony offered against him given under the sanction of an oath, to require the witnesses to speak of their own knowledge, and to be subjected to the test of a competent cross-examination." *S. v. Dixon,* 185 N. C., 727.

Speaking to a similar question in *S. v. Hightower,* 187 N. C., p. 310, it was said: "In all criminal prosecutions the defendant is clothed with a constitutional right of confrontation, and this may not be taken away any more by denying him the right to cross-examine the State's wit-

nesses than by refusing him the right to confront his accusers and witnesses with other testimony. Constitution, Art. I, sec. 11. 'We take it that the word *confront* does not simply secure to the accused the privilege of examining witnesses in his behalf, but is an affirmance of the rule of the common law that in trials by jury the witness must be present before the jury and accused, so that he may be confronted; that is, put face to face'—*Pearson, C. J.,* in *S. v. Thomas,* 64 N. C., 74. And this, of course, includes the right of cross-examination. It is fundamental with us, and expressly vouchsafed in the bill of rights, that 'no man shall be 'deprived of his life, liberty, or property but by the law of the land.' Const., Art. I, sec. 17."

This rule is as old as the common law itself. It was a fixed custom among the Romans, observed and practiced by them certainly as early as the time of Augustus Caesar. Festus, answering the chief priests and elders of the Jews, when they desired to have judgment against the Apostle Paul, said: "It is not the manner of the Romans to deliver any man to die, before that he which is accused have the accusers face to face, and have license to answer for himself concerning the crime laid against him." Acts, 25 :16.

But the present defendant is not in position to take advantage of the law which he invokes. Pretermitting the question as to whether the deposition or sworn statement of the witness George McKeithan was taken under a valid agreement with the defendant, whereby it became competent as evidence against him, the fact remains that when it was offered on the trial the defendant interposed no objection to its introduction in evidence before the jury. This was a waiver of his right to have it excluded, and rendered the alleged want of original consent immaterial. 6 R. C. L., 93. It is the general rule, subject to certain exceptions, that a defendant may waive the benefit of a constitutional as well as a statutory provision. Sedgwick Stat. and Const. Law, p. 111. And this may be done by express consent, by failure to assert it in apt time, or by conduct inconsistent with a purpose to insist upon it. *S. v. Mitchell, supra.*

In this jurisdiction, the more important privilege of being present in person, so as to confront one's accusers on trial for a criminal offense, may, in felonies other than capital, be waived by the defendant himself, but not by his counsel, while in misdemeanors such waiver may be made through counsel with the consent of the court. *S. v. Dry,* 152 N. C., p. 814. "In capital trials, this *right* cannot be waived by the prisoner, but it is the duty of the court to see that he is actually present at each and every step taken in the progress of the trial"—*Ruffin, J.,* in *S. v. Jenkins,* 84 N. C., 813. Of course, the prisoner is not required to

be present during the argument of a motion for a new trial and similar motions, for they are not properly matters occurring during the trial. 1 Whart. Cr. Pl. & Pr. (9 ed.), sec. 548; *S. v. Kelly,* 97 N. C., 404. "This Court has repeatedly held that nothing should be done prejudicial to the rights of a person on his trial for a capital felony unless he is actually present; while, on trial for misdemeanors, it is sufficient if the defendant assents through counsel when any order is made or any step taken affecting his rights"—*Avery, J.,* in *S. v. Jacobs,* 107 N. C., 772, citing a number of authorities for the position. For like reason, one who is actually or constructively present at the trial of an indictment against him for an offense of the lower grade, must be deemed to have waived the right when he does not in express terms insist upon the bodily presence in the courtroom of witnesses for the prosecution. *S. v. Mitchell, supra; S. v. Freeze,* 170 N. C., 710.

True it has been held in several criminal cases that where a defendant enters a plea of "not guilty" in the Superior Court, he may not thereafter, without being permitted to change his plea, waive his constitutional right of trial by jury. *S. v. Rogers,* 162 N. C., 656. And this applies to misdemeanors as well as to the more serious offenses. *S. v. Pulliam,* 184 N. C., 681. The reason for such holding is to be found in the language of the Constitution: "No person shall be convicted of any crime but by the unanimous verdict of a jury of good and lawful men in open court. The Legislature may, however, provide other means of trial for petty misdemeanors with the right of appeal." Const., Art. I, sec. 13.

But these decisions, relating to the defendant's right of trial by jury in criminal prosecutions, are not in conflict with our present holding that the defendant has waived his right to object to the introduction of the evidence offered on the hearing. The distinction is not difficult to perceive. The parties, even by consent, may not change the policy of our law and substitute a new method of trial in criminal prosecutions for that of trial by jury as provided by the organic law; but a right arising during the progress of an orderly proceeding may be waived by express consent, or by failure to insist upon it in apt time. *S. v. Paylor,* 89 N. C., 539.

The remaining exceptions are without special merit. We have found no legal or reversible error in law. The verdict and judgment must be upheld.

No error.