STATE v. LESLIE ROUSE.

(Filed 5 October, 1927.)

**Criminal Law—Verdict—Eleven Jurors—Consent — Judgment — Appeal and Error—Reversal—Constitutional Law.**

While it may appear upon the face of the record in a criminal action on appeal to the Supreme Court that the defendant had agreed that the verdict of eleven jurors, one being excused for sickness, should be received as valid, the defendant may nevertheless insist that the verdict is invalid, and it appearing that it was not rendered by a verdict of twelve men it will be declared invalid and a new trial ordered.

APPEAL by defendant from *Sinclair, J.,* at May Term, 1927, of LENOIR. New trial.

Indictment for a felony. From judgment upon a verdict of guilty, defendant appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*P. D. Croom for defendant.*

CONNOR, J. The record in this case contains an entry as follows: "While taking evidence, one of the jurors is taken very ill. By agreement of counsel for defendant, in the presence of defendant, and of the Solicitor for the State, the juror is excused. The case is concluded with eleven jurors."

The contention made in the brief for defendant filed in this Court that "the record does not disclose that the defendant agreed to anything other than to excuse the juror," is not supported by a fair interpretation of the record. It is manifest that defendant, upon advice of counsel, then appearing for him, agreed that the trial should proceed with eleven jurors, and that their verdict should be taken as the verdict of the jury. Otherwise, the learned judge, who presided at the trial, would have found the facts, ordered the juror withdrawn, and that a new trial be had.

The agreement, however, although entered upon the record in this case in the presence of and with the consent of defendant, upon the advice of counsel then appearing for him, does not, upon well settled principles, preclude defendant from assigning as error, upon his appeal to this Court, a judgment rendered upon the verdict of eleven jurors. The decisions of this Court in support of the assignment of error are unanimous. *S. v. Berry,* 190 N. C., 363; *S. v. Hartsfield,* 188 N. C.,

357; *S. v. Wheeler,* 185 N. C., 670; *S. v. Pulliam,* 184 N. C., 681; *S. v. Rogers,* 162 N. C., 656; *S. v. Scruggs,* 115 N. C., 805; *S. v. Holt,* 90 N. C., 749; *S. v. Stewart,* 89 N. C., 564.

The judgment having been rendered upon a verdict of eleven jurors, as shown by the record, cannot be sustained. The verdict is a nullity. The defendant is entitled to a

New trial.