STATE v. F. H. CRAWFORD.

(Filed 9 October, 1929.)

**Criminal Law I a—Prisoner may not waive his right to trial by jury when plea of not guilty has been entered.**

　　Where the defendant in a criminal action enters the plea of "not guilty," the requirement of our State Constitution, Art. I, sec. 13, of trial by jury may not be waived by the accused nor another method substituted by agreement, and where a defendant is indicted for violating the statute commonly known as the "bad check law," an agreement between the State and the accused that the judge may find the facts under a plea of "not guilty," will be disregarded on appeal and the case remanded to be tried according to law.

17—197

APPEAL by defendant from *Cranmer, J.,* at March Term, 1929, of WAKE.

Criminal indictment charging the defendant with a violation of chapter 62, Public Laws 1927, generally known as the "Bad Check Law." The defendant's plea was "not guilty."

The following is taken from the record: "It is agreed that the court should, upon the facts agreed upon by the solicitor for the State and counsel for the defendant, say whether or not the defendant was guilty, and thereupon, after considering the facts the court orders that a verdict of guilty be entered."

From a judgment, pronounced on the above finding, that the defendant pay a fine of $25.00 and the costs, he appeals, assigning error.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Gulley & Gulley for defendant.*

STACY, C. J. We have a number of decisions to the effect that when a defendant in a criminal prosecution, on trial in the Superior Court, enters a plea of "not guilty" to the charge preferred against him, he may not thereafter, without changing his plea, waive his constitutional right of trial by jury. *S. v. Hartsfield,* 188 N. C., 357, 124 S. E., 629; *S. v. Rogers,* 162 N. C., 656, 78 S. E., 293. And this applies to misdemeanors as well as to felonies. *S. v. Pulliam,* 184 N. C., 681, 114 S. E., 394.

Special verdicts are permissible in criminal cases, but when such procedure is had, all the essential facts must be found by a jury. *S. v. Allen,* 166 N. C., 265, 80 S. E., 1075. They may not be referred to the judge for decision even by the consent of the accused or his counsel. *S. v. Holt,* 90 N. C., 749; *S. v. Stewart,* 89 N. C., 563. The parties are not permitted to change the policy of the law and substitute a new method of trial in criminal prosecutions for that of trial by jury as provided by the Constitution: "No person shall be convicted of any crime but by the unanimous verdict of a jury of good and lawful men in open court. The Legislature may, however, provide other means of trial for petty misdemeanors with the right of appeal." Const., Art. I, sec. 13. See, also, *S. v. Beasley,* 196 N. C., 797, 147 S. E., 301.

The case will be remanded to the Superior Court for trial by a jury as the law provides; none has yet been had.

Error.