STATE v. J. E. BANKS.

(Filed 2 May, 1934.)

**Bills and Notes D f—Indictment for issuing worthless check must charge "insufficient credits" in addition to "insufficient funds."**

It is necessary that an indictment for issuing a worthless check charge, in addition to charging that defendant knew at the time of issuing same that he did not have sufficient funds in the drawee bank for its payment, that he knew he did not have sufficient credits with the bank for its payment upon presentment, and that there be evidence at the trial of both "insufficient funds" and "insufficient credits."

CRIMINAL ACTION, before *Schenck, J.,* at September Term, 1933, of McDOWELL.

A warrant was issued for the defendant by a justice of the peace, charging that on or about 15 February, 1932, that "J. E. Banks did unlawfully, wilfully and feloniously issue and utter a worthless check for the amount of $26.34, drawn on the First National Bank of Marion, N. C., in favor of Eastern Oil and Gas Company. He, J. E. Banks, knowing at the time of issuing and uttering said check that he had not sufficient funds in said bank to cover same, contrary to the form

of statute and against the peace and dignity of the State." The defendant was convicted in the recorder's court and appealed to the Superior Court. A jury trial was waived in accordance with chapter 23 of the Public Laws of 1933. The evidence for the State tended to show that the check was signed "Lake City Coal and Motor Company of Maryland, by J. E. Banks." The witness said: "I never sold J. E. Banks a gallon of oil and gas or anything while he was out there. It was to the Lake City Motor Company. . . . I never received a check from J. E. Banks personally for any of the gas I ever delivered. It was on the Lake City Motor Company, a check just like that one." The evidence discloses that the Lake City Coal and Motor Company was a corporation.

There was evidence that the check had been presented to the bank upon which it was drawn and payment declined on the ground of insufficient funds.

At the conclusion of evidence for the State the defendant moved for judgment of nonsuit and not guilty. The motion was denied and the trial judge upon the facts aforesaid, being of the opinion that the defendant was guilty, so adjudged, and sentenced the defendant to jail for a term of thirty days to be worked upon the roads. Whereupon the defendant appealed.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*G. D. Bailey and Charles Hutchins for defendant.*

BROGDEN, J. The motion for a verdict of not guilty made by the defendant should have been granted. This Court in *S. v. Edwards,* 190 N. C., 322, says: "It will readily be seen, therefore, that the indictment must charge both 'insufficient funds' and 'insufficient credits'; for though the funds on deposit may be insufficient, the 'credits'—'the arrangement or understanding with the bank or depository'—may be amply sufficient to protect the check or draft upon its presentation. The indictment is fatally defective in that, while charging 'insufficient funds on deposit' it makes no reference whatever to a want of credits; and the defect is not cured by the clause which affords the drawer an opportunity to provide funds or credits for payment upon presentation of the check or draft or within ten days after notice of nonpayment." Moreover, there was no evidence that the defendant had failed to have an "arrangement or understanding with the bank or depository for the payment of any such check or draft."

Error.