STATE v. LONNIE CAMBY.

(Filed 11 December, 1935.)

Constitutional Law F d—Act permitting trial by court upon conditional plea of guilty held unconstitutional, since jury trial may not be abrogated.

The constitutional right to trial by jury in the Superior Court, Art. I, sec. 13, may not be waived by the accused after a plea of not guilty, nor may the General Assembly permit this to be done by statute, and ch. 23, Public Laws of 1933, as amended by ch. 469, is unconstitutional in that it provides, in effect, for trial by the court as upon a plea of "Not guilty," when a defendant enters a "conditional plea" under the act, and a judgment entered upon a trial under the act will be stricken out upon appeal and the cause remanded for trial according to law.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Sink, J.,* at July Term, 1935, of CLEVELAND.

Criminal prosecution, tried upon indictment charging the defendant Lonnie Camby, and another, (1) with the larceny of a number of

chickens of the value of more than $20, the property of Wylie H. Mc-
Ginnis; and (2) with feloniously receiving said chickens knowing them
to have been feloniously stolen or taken in violation of C. S., 4250.

The defendant entered a conditional plea, and asked the court to hear
and determine the matter under chapter 23, Public Laws 1933, as
amended by chapter 469, without the intervention of a jury, to which
the solicitor agreed.

Motion for judgment of nonsuit at the close of State's evidence; over-
ruled; exception; renewed at the close of all the evidence; overruled;
exception.

The court adjudged the defendant to be "guilty as charged in the bill
of indictment," and sentenced him to the roads for 3½ years.

The defendant appeals, assigning errors.

*Attorney-General Seawell and Assistant Attorney-General Aiken for
the State.*

*C. B. Falls, Jr., and B. T. Falls for defendant.*

STACY, C. J. It is provided by chapter 23, Public Laws 1933, as
amended by chapter 469, that in all trials in the Superior Court, wherein
the defendant stands charged with an offense other than capital, it shall
be competent for the defendant, when represented by counsel, to enter a
conditional plea of guilty, or *nolo contendere,* if the court shall permit
the latter plea; and thereupon the court may hear and determine the
matter without the intervention of a jury. The defendant is permitted
to demur to the evidence as in cases under the Mason Act, C. S., 4643,
preserve his exceptions thereto, if overruled, and have the benefit of same
on appeal. It is further provided that if upon the evidence the court is
satisfied beyond a reasonable doubt of the defendant's guilt, he shall
proceed to judgment and sentence upon the plea entered in like manner
as upon a conviction by a jury. If not so satisfied, the plea is to be
stricken out and a verdict of not guilty entered.

The practical effect of a "conditional plea" under this statute, as we
understand it, is to waive a jury trial and have the court hear and deter-
mine the matter as upon a plea of "Not guilty." This may not be done
in the Superior Court—the court of last resort so far as a jury trial is
concerned. *S. v. Crawford,* 197 N. C., 513, 149 S. E., 729; *S. v. Rouse,*
194 N. C., 318, 139 S. E., 433; *S. v. Hartsfield,* 188 N. C., 357, 124
S. E., 629; *S. v. Pulliam,* 184 N. C., 681, 114 S. E., 394; *S. v. Rogers,*
162 N. C., 656, 78 S. E., 293. The reason for this holding is to be
found in the language of the Constitution: "No person shall be con-
victed of any crime but by the unanimous verdict of a jury of good and
lawful men in open court. The Legislature may, however, provide other

means of trial for petty misdemeanors with the right of appeal." Const., Art. I, sec. 13.

It is permissible under this section for the General Assembly to provide for the trial of petty misdemeanors in inferior courts with the right of appeal to the Superior Court. *S. v. Pasley,* 180 N. C., 695, 104 S. E., 533; *S. v. Tate,* 169 N. C., 373, 85 S. E., 383; *S. v. Hyman,* 164 N. C., 411, 79 S. E., 284; *S. v. Brittain,* 143 N. C., 668, 57 S. E., 352; *S. v. Lytle,* 138 N. C., 738, 51 S. E., 66.

"Two decisions of this Court—*S. v. Stewart,* 89 N. C., 564; *S. v. Holt,* 90 N. C., 749—have held that in the Superior Court, on indictment originating therein, trials by jury in a criminal action could not be waived by the accused"—*Hoke, J.,* in *S. v. Wells,* 142 N. C., 590, 55 S. E., 210.

The parties are not permitted to change the policy of the law and substitute a new method of trial in criminal prosecutions for that of trial by jury as guaranteed by the Constitution. *S. v. Crawford, supra.* Nor can this be done by act of assembly. *S. v. Pulliam, supra; S. v. Beasley,* 196 N. C., 797, 147 S. E., 301.

The decision in *S. v. Banks,* 206 N. C., 479, 174 S. E., 306, is not at variance with what is said above.

Let the judgment be stricken out and the cause remanded for trial according to law.

Error and remanded.

DEVIN, J., took no part in the consideration or decision of this case.