STATE OF NORTH CAROLINA v. GROVER CLEVELAND NORMAN
(2 CASES: 68-7587 AND 68-7588 HEARD TOGETHER)

No. 43

(Filed 10 December 1969)

**1. Criminal Law § 25— plea of nolo contendere — nature of the plea**

A plea of *nolo contendere* is a formal declaration by defendant that he will not contend with the State in respect to the charge and is tantamount to a plea of guilty for purposes of the particular criminal action in which it is tendered and accepted.

**2. Criminal Law § 25— nolo contendere — power of trial court**

On defendant's plea of *nolo contendere* the presiding judge acquires full power to pronounce judgment against the defendant for the crime charged in the indictment.

**3. Criminal Law § 25— nolo contendere — matter of grace**

A defendant is not entitled to plead *nolo contendere* as a matter of right, but such plea is accepted by the court only as a matter of grace.

**4. Criminal Law § 25— conditional plea of nolo contendere**

A conditional plea of *nolo contendere* is neither sanctioned by the law nor permitted by the Constitution.

**5. Criminal Law § 25— plea of nolo contendere — whether plea conditionally accepted — authority of court to pronounce judgment**

Evidence *held* sufficient to support defendant's contentions that his plea of *nolo contendere* was conditionally tendered and accepted in violation of N. C. Constitution, Art. I, § 13, and that the trial court was without authority to pronounce judgment thereon, where the record shows that (1) upon defendant's tender of the plea the trial court questioned defendant as to whether he wanted to enter "a plea of *nolo contendere* to all these charges and permit the judge to try the case, to hear the facts and to determine whether or not you are guilty or not guilty," (2) more than sixty pages of testimony was elicited, (3) defendant attempted to prove an alibi, and (4) the judgment of the trial court, after a lengthy

recital of the evidence, found as a fact that defendant was guilty of the crimes charged.

MOORE, J., took no part in the consideration or decision of this case.

APPEAL by defendant from decision of the Court of Appeals upholding judgment of *Burgwyn, E.J.,* at the March 1969 Session of BURKE Superior Court.

In Case No. 68-CrD-7587 defendant was charged with feloniously breaking and entering the dwelling house of Luther Browning on 27 August 1968 and with the larceny therefrom of goods valued at more than $200. In Case No. 68-CrD-7588 defendant was charged with the armed robbery of Mrs. Florence Houck on 29 August 1968. The two indictments were consolidated for trial by consent, and upon arraignment the following colloquy took place:

MR. DALE (Defendant's counsel): "If the Court please, I have talked with Mr. Norman and we will agree that the Court hear this and dispense with a jury trial."

THE COURT: "What kind of plea are you giving me, nolo contendere?"

MR. DALE: "Nolo contendere, if the Court will accept it, sir."

THE COURT: "All right, sir."

The defendant, through counsel, thereupon tendered a plea of nolo contendere to the charge of breaking and entering and larceny and to the charge of armed robbery. The Court then examined the defendant as follows:

THE COURT: "You hear what your lawyer said? You wanted to enter what is known as a plea of nolo contendere to all of these charges and permit the judge to try the case, to hear the facts and determine whether or not you are guilty or not guilty. You do that freely and voluntarily of your own free will and accord without any coercion on his part or part of anyone?"

DEFENDANT: "Yes."

THE COURT: "I understand it is alleged by the State that this defendant, along with others, robbed a certain lady, a Mrs. Houck. We are trying all the cases, aren't we?"

MR. DALE: "Yes, sir."

THE COURT: "He wants to plead nolo contendere in each case?"

MR. DALE: "Yes, sir."

The record further reflects that defendant, being duly sworn, answered the following questions in writing:

"1.  Are you able to hear and understand my statements and questions?

"Answer:  Yes.

.  .  .  .

"4.  Do you understand that you have the right to plead not guilty and to be tried by a jury?

"Answer:  Yes.

"5.  How do you plead to these charges?

"Answer:  Nolo contendere."

The Court thereupon ordered that defendant's plea of nolo contendere be entered in the record.

Evidence was then heard both for the State and the defendant. The testimony of Larry Costner, age sixteen, and Rodney Wayne Butner, age nineteen, tended to show that one of them was staying at defendant's home; that they were afraid of defendant; that defendant planned both crimes for which he was on trial; that he transported them in his car to each location, told them to enter the respective residences, "get what was valuable," and bring it out; that they entered the Browning residence, found nobody home, and carried out a portable television set, a pistol, a rifle, a radio, a wristwatch and other items of property, all of which they took to defendant's waiting car and he put it in the trunk; that two days later defendant transported them to Mrs. Houck's home, told them to enter, "tape the woman up, ransack the house, find the money, and come back out"; that defendant drove away with the understanding that he would come back and pick them up; that they forcibly entered the home as instructed, intimidated Mrs. Houck with a knife, robbed her of $2.20 in cash and took her shotgun; that during the robbery they wore gloves which were furnished by the defendant; that they hid the gloves and shotgun beside the road and defendant later got them; that defendant picked them up three hours later and six miles away.

Defendant attempted to establish an alibi through the testimony of one Arthur Holland and Deputy Sheriff Frank Browning, both of whom were cross examined by the State.

The Court thereupon pronounced judgment which contains, among other things, the following recital and findings of fact:

"This cause coming on to be heard . . . and it appearing to the Court from the findings of the fact, prior to the selection

of the jury at trial of the defendant, through his counsel, . . . announced that he desired to enter a plea of nolo contendere to the charge of breaking and entering and larceny, and also to the charge of armed robbery and larceny allegedly committed on the person of Mrs. Houck . . . to which he pleaded nolo contendere.

"The Court further finds as a fact that this defendant, according to the evidence before it, deliberately, wilfully used two young boys by the names of Larry Allen Costner and Rodney Wayne Butner to act as stooges for him in the commission of said crimes; that he carried them to the place where the breaking and entering and larceny was committed on the 27th day of August in his car, and at his connivance sent them in the house to rob it and waited nearby to receive whatever goods they might have been able to purloin and steal from the house which they entered by force. Thereafter, he used the same boys or young men, at his connivance and his suggestion, to rob the person of Mrs. Houck at her residence by force and with the use or threatened use of a dangerous weapon, to wit, a knife; that he drove away promising to return; that he picked them up after they had accomplished the robbery by use or threatened use with a deadly weapon, to wit, a knife, which he suggested to them; and that he later did pick them up, though not at the time he promised to do so, but on the same morning; that the goods were taken from Mrs. Houck by force and with the use or threatened use of a dangerous weapon, to wit, a knife; that he later procured the gun or shotgun which was stolen from her house by these two young men at his suggestion and connivance and assistance.

"The Court finds as a fact that the defendant is guilty of breaking and entering and larceny committed at the house of Luther Browning on the 27th day of last August. Also, that this defendant is guilty of being a party to and a principal in the breaking and entering and armed robbery of Mrs. Houck by these young men; and he is equally guilty with them, as principals, in that he suggested, also that he participated in it by carrying them to the house and by telling them to go in and rob by force and arms Mrs. Houck, a lady 64 years of age, and that he would pick them up, and which he later did, and received part of the loot from the house."

Following the foregoing findings and recitals defendant was sentenced to ten years in prison in one case and twenty years in prison

in the other, to run consecutively. These sentences were upheld by the Court of Appeals. See 6 N.C. App. 31, 169 S.E. 2d 256.

Defendant appeals to this Court alleging (1) that his plea of nolo contendere was conditionally tendered and accepted with the Court to pass upon his guilt or innocence in violation of Article I, Section 13, of the Constitution of North Carolina; and (2) that the evidence offered and the facts found establish his innocence of the charges contained in the bills of indictment.

*C. David Swift, Attorney for defendant appellant.*

*Robert Morgan, Attorney General; Harrison Lewis, Deputy Attorney General; and J. Bruce Morton, Trial Attorney, for the State.*

HUSKINS, J.

**[1, 2]** A plea of nolo contendere is a formal declaration on defendant's part that he will not contend with the State in respect to the charge and is tantamount to a plea of guilty for purposes of the particular criminal action in which it is tendered and accepted. The presiding judge acquires full power to pronounce judgment against the defendant for the crime charged in the indictment. *State v. Jamieson,* 232 N.C. 731, 62 S.E. 2d 52; *State v. Cooper,* 238 N.C. 241, 77 S.E. 2d 695; *State v. McIntyre,* 238 N.C. 305, 77 S.E. 2d 698; *State v. Shepherd,* 230 N.C. 605, 55 S.E. 2d 79; *State v. Stansbury,* 230 N.C. 589, 55 S.E. 2d 185; *State v. Ayers,* 226 N.C. 579, 39 S.E. 2d 607; *State v. Beasley,* 226 N.C. 580, 39 S.E. 2d 607; *State v. Parker,* 220 N.C. 416, 17 S.E. 2d 475; *State v. Burnett,* 174 N.C. 796, 93 S.E. 473.

**[3]** A defendant is not entitled to plead nolo contendere as a matter of right. It is pleadable only by leave of the court, and "its acceptance by the court is entirely a matter of grace." *State v. Thomas,* 236 N.C. 196, 72 S.E. 2d 525.

**[4]** A conditional plea of nolo contendere is neither sanctioned by the law nor permitted by the Constitution. *State v. Camby,* 209 N.C. 50, 182 S.E. 715; *State v. Horne,* 234 N.C. 115, 66 S.E. 2d 665. By Chapter 23 (as amended by Chapter 469) of the 1933 Session Laws, the General Assembly provided that in all trials in the superior court upon all charges other than capital "it shall be competent for the defendant to enter a conditional plea of guilty therein, or nolo contendere, if the court shall permit the latter plea; and thereupon, the court may hear and determine the matter" without the intervention of a jury. The judge was authorized to pass upon the weight

and sufficiency of the evidence, and if it satisfied him beyond a reasonable doubt of the defendant's guilt, he was authorized to proceed to judgment and sentence upon the plea entered in like manner as upon a conviction by a jury. If not so satisfied the plea was to be stricken out and a verdict of not guilty entered. This Act was held unconstitutional in *State v. Camby, supra,* on the ground that it was in conflict with Article I, Section 13, of the Constitution of North Carolina which provides that "[n]o person shall be convicted of any crime but by the unanimous verdict of a jury of good and lawful men in open court. The Legislature may, however, provide other means of trial for petty misdemeanors with the right of appeal."

Recently, the Judicial Council recommended that Article I, Section 13, of the Constitution of North Carolina be modified to allow the General Assembly, if it so desired, to provide for waiver of a jury trial upon a plea of not guilty and to permit a defendant, at his option, to have his guilt passed upon by a judge rather than a jury. The Constitutional Study Commission was advised of this suggestion and included it among bills submitted to the 1969 General Assembly. The proposal was rejected by the General Assembly, however, and the Constitution with respect to jury trials remains unchanged.

[5] In light of the foregoing principles, we are constrained to hold that the trial judge accepted defendant's plea as his authority to hear the evidence and, in lieu of a jury, to pass upon the question of defendant's guilt or innocence. That is exactly what he told defendant the plea of nolo contendere meant at the time it was tendered. That is the inference to be drawn from the fact that more than sixty pages of testimony was elicited bearing upon every facet and detail of the crimes charged in the bills of indictment. That defendant so understood it is implied by his attempt to prove an alibi. That the Court so understood it may be inferred from the recitals and the detailed findings of fact contained in the judgment. The result is therefore controlled by *State v. Camby, supra,* and *State v. Horne, supra. State v. Barbour,* 243 N.C. 265, 90 S.E. 2d 388, depicts a perfect example of what the trial court *should not do* upon a plea of nolo contendere. Cases relied on by the State — *State v. Shepherd, supra; State v. Jamieson, supra; State v. McIntyre, supra* — are all factually distinguishable.

Since there must be a new trial, we put aside the question whether, as contended by defendant, the evidence offered by the State establishes his innocence of the charges contained in the bills of indictment.

The proceeding in the superior court was contrary to constitutional requirements; hence, the decision of the Court of Appeals upholding the judgment based thereon is reversed. The case is remanded to that Court where it will be certified to the trial court for a new trial in accord with this opinion.

Reversed and remanded.

MOORE, J., took no part in the consideration or decision of this case.