An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-748-2

Filed 7 January 2026

Caswell County, Nos. 19CR050409-160, 19CR050454-160, 21CR000033-160

STATE OF NORTH CAROLINA

v.

DEMISTRUS MCKINLEY INGRAM

Appeal by defendant from judgments entered 16 April 2023 by Judge William A. Wood, II, in Caswell County Superior Court. Heard in the Court of Appeals 17 April 2024. By opinion issued 18 June 2024, the Court of Appeals vacated the judgments and remanded for a new trial. *See State v. Ingram*, No. COA23-748, 294 N.C. App. 549, 2024 WL 3041979 (June 18, 2024) (unpublished). By order issued 22 May 2025, our Supreme Court vacated the previous decision of the Court of Appeals and remanded to this Court for reconsideration. *See State v. Ingram*, 387 N.C. 604 (2025).

> *Attorney General Jeff Jackson, by Assistant Attorney General Mary L. Maloney and Assistant Attorney General Caden W. Hayes, for the State.*
>
> *Law Office of Sandra Payne Hagood, by Sandra Payne Hagood, for defendant.*

FREEMAN, Judge.

We reconsider this matter after remand to determine how our Supreme Court's holding in *State v. Chambers*, 387 N.C. 521 (2025) affects the outcome of this case. Defendant argues that his right under Article I, Section 24 of the North Carolina Constitution was violated after a juror was substituted; he maintains that the jury did not follow the trial court's instruction to begin deliberations anew. After careful review, we hold that defendant received a fair trial free from prejudicial error.

## I.    Factual and Procedural Background

On 4 June 2020, defendant was indicted for one count each of: trafficking in cocaine by possession; trafficking in cocaine by transport; possession with intent to sell or deliver cocaine; felony possession of marijuana; and selling and delivering cocaine. On 11 February 2021, defendant was indicted for attaining habitual felon status. Defendant's matter came on for trial on 10 October 2022. After both sides rested, the jury retired to begin deliberations around 2:30 p.m. on 13 October 2022, and the alternates were excused to wait in a different location. The jury then informed the court that it had selected a foreperson and received its verdict envelope. Around 3:11 p.m., it asked to review some evidence, and resumed deliberations at 4:05 p.m. Around 4:35 p.m., the jury received an *Allen* charge from the trial court, and retired around 4:37 p.m. The jury stopped deliberating for the day around 5:01 p.m., and was discharged by 5:06 p.m. The next day, one of the jurors did not appear in court after being hospitalized due to an injury. The parties agreed to substitute the injured juror with an alternate juror. The trial court then instructed the jury:

> An alternate juror . . . has been substituted for an excused juror . . . . The law of this State grants the defendant the right to a unanimous verdict reached only after full participation of the twelve jurors who ultimately return a verdict. That right may only be assured if the jury begins deliberations anew. And that is on all five charges.
>
> Therefore, you must restart your deliberations from the beginning. This means you should disregard entirely any deliberations taking place before the alternate juror was substituted and consider freshly the evidence as if the previous deliberations had never occurred.
>
> Although starting over may seem frustrating, please do not let it discourage you. It is important to our system of justice that each juror has a full and fair opportunity to explore his or her views and respond to the verdict of others so that you may come to a unanimous verdict.
>
> All the previous instructions given to you, including the unanimity requirement for a verdict, remain in effect. You shall now retire for your deliberations in accordance with these instructions.

The jury retired to deliberate at 9:40 a.m. on 14 October 2022. The jury reached its verdict by 9:54 a.m. that morning. The jury found defendant guilty of possession with intent to sell or deliver cocaine, and delivering cocaine. The jury found defendant not guilty of the remaining charges. Defendant subsequently pleaded guilty to attaining habitual felon status. The trial court sentenced defendant to two active sentences of 84 to 113 months' imprisonment, which were to run concurrently. Defendant gave oral notice of appeal in open court.

In his first appeal, defendant argued that the juror substitution violated his right under Article I, Section 24 of the North Carolina constitution to a verdict from

a jury of twelve. This Court vacated the judgments and remanded defendant's matter for a new trial based on its previous holding in *State v. Chambers*, 292 N.C. App. 459 (2024), *rev'd*, 387 N.C. 521 (2025). *State v. Ingram*, 294 N.C. App. 549, 2024 WL 3041979, at \*2 (June 18, 2024) (unpublished). In *Chambers*, this Court held the statute allowing for substituting a juror after deliberations began was unconstitutional, as the statute violated a defendant's right to a properly constituted jury. 292 N.C. App. at 460–62. Our Supreme Court subsequently reversed, instead holding that the statute was constitutional and that jurors could be substituted after deliberations began so long as the trial courts instruct juries to begin deliberations anew after the substitution. *State v. Chambers*, 387 N.C. 521, 526–27 (2025). Consequently, our Supreme Court vacated our previous decision in *Ingram* and remanded the matter to this court for reconsideration in light of its recent decision. *State v. Ingram*, 387 N.C. 604 (2025).

On 14 August 2025, we ordered the parties to submit supplemental briefings to address how our Supreme Court's holding in *Chambers* applies to this case.

## II. Jurisdiction

We have jurisdiction over defendant's appeal of right from a final judgment of a superior court. *See* N.C.G.S. § 7A-27(b)(1) (2023); *see also id.* § 15A-1444(a) (2023).

## III. Standard of Review

"De novo review is appropriate when considering allegations of constitutional violations on appeal." *Town of Highlands v. Hendricks*, 164 N.C. App. 474, 478 (2004)

(emphasis omitted) (reviewing de novo alleged violations of our State Constitution).

## IV. Discussion

Defendant argues that his right to a verdict of a jury by twelve under Article I, Section 24 of the North Carolina constitution was violated because the jury did not follow the trial court's instruction to begin its deliberations anew after the substitution. Defendant points to the jury's short deliberation time and its use of a verdict sheet that it had dated the previous day. Defendant maintains that "it would have been *impossible* for the jury to engage in any meaningful deliberation of a five-count indictment in [eleven] minutes."

"No person shall be convicted of any crime but by the unanimous verdict of a jury in open court . . . ." N.C. Const. art. I § 24. "The 'essential attributes' of a constitutionally prescribed jury include 'number, impartiality, and unanimity.' " *State v. Chambers*, 387 N.C. 521, 525 (2025) (quoting *State v. Dalton*, 206 N.C. 507, 512 (1934)). Our longstanding precedent has consistently recognized that a jury of twelve people is constitutionally required. *See, e.g., State v. Rogers*, 162 N.C. 656, 78 S.E. 293, 294 (1913) ("It is elementary that a jury, as understood at common law and as used in our constitutions, Federal and State, signifies twelve [persons] duly impaneled in the case to be tried."); *State v. Bindyke*, 288 N.C. 608, 623 (1975) ([T]here can be no doubt that the jury contemplated by our Constitution is a body of twelve persons who reach their decision in the privacy and confidentiality of the jury room.").

Our legislature has provided, "[i]n all criminal cases the defendant has the right to be tried by a jury of 12 whose verdict must be unanimous." N.C.G.S. § 15A-1201(a) (2023). "If an alternate juror replaces a juror after deliberations have begun, the court must instruct the jury to begin its deliberations anew. In no event shall more than 12 jurors participate in the jury's deliberations." *Id.* § 15A-1215(a) (2023).

Our Supreme Court recently upheld the constitutionality of subsection 15-1215(a):

> When a jury follows the trial court's instruction and restarts deliberations, as it is presumed to do, . . . there is no longer a risk that the verdict will be rendered by thirteen people. This is because any discussion in which the excused juror participated is disregarded and entirely new deliberations are commenced by the newly-constituted twelve: the original eleven jurors and the substituted alternate. Therefore, the ultimate verdict is rendered by the constitutionally requisite jury of twelve.

*Chambers*, 387 N.C. at 526–27 (citation omitted).

"Jurors are presumed to follow a trial court's instructions." *State v. McCarver*, 341 N.C. 364, 384 (1995); *see also State v. Prevatte*, 356 N.C. 178, 254 (2002) (same); *Richardson v. Marsh*, 481 U.S. 200, 206 (1987) (explaining there is an "almost invariable assumption of the law that jurors follow their instructions[.]" (citation omitted)). This presumption is rebuttable with evidence to the contrary. *State v. Anderson*, 295 N.C. App. 168, 181 (2024); *State v. Vaughn*, 296 N.C. App. 752, 764 (2024).

To rebut the presumption that the jury followed the trial court's instruction, defendant points to the fact that "the original jury deliberated roughly two and a half hours, and the final jury deliberated for only eleven minutes."[1]

"Our courts, . . . have not adopted a bright-line rule setting an outside time-limit on jury deliberations, or a rule that deliberations for a certain length of time, in relation to the length of time spent by the State presenting its evidence, is too long." *State v. Baldwin*, 141 N.C. App. 596, 608 (2000). Following this guidance and a thorough review of our case law, there exists no minimum amount of time that a jury must spend deliberating to satisfy constitutional requirements.

Defendant also contends that this case is comparable to a United States Supreme Court case, *Bruton v. United States*, 391 U.S. 123 (1968). In *Bruton*, testimony of a codefendant's out-of-court confession, which incriminated the defendant, violated the defendant's constitutional right to confront witnesses against him. *Id.* at 124, 126. The trial court instructed the jury that the statement "had to be disregarded in determining [the defendant's] guilt or innocence" as it was inadmissible hearsay. *Id.* at 125. Despite the trial court's "concededly clear" instruction that the jury was not to consider the statement substantively, the Supreme Court held that this error could not be cured by any limiting instruction.

---

[1] Based on our review of the record, after accounting for the time that the jury spent outside of deliberations once it retired, it deliberated at most for approximately one and a half hours on 13 October.

*Id.* at 137.

The Supreme Court reasoned "there are some contexts in which the risk that the jury will not, or cannot, follow the instructions is so great, . . . that the practical and human limitations of the jury system cannot be ignored." *Id.* at 135. This was "[s]uch a context . . . where the powerfully incriminating extrajudicial statements of a codefendant, who stands accused side-by-side with the defendant, are deliberately spread before the jury in a joint trial." *Id.* at 135–36. The Supreme Court further reasoned that "[d]espite the concededly clear instructions of the jury to disregard [the codefendant's] inadmissible hearsay evidence inculpating [the defendant], in the context of a joint trial we cannot accept a limiting instruction as an adequate substitute for [the defendant's] constitutional right of cross-examination." *Id.* at 137.

Defendant's reliance on *Bruton* is misplaced. The Supreme Court of North Carolina recently clarified that the risk to a defendant's constitutional right to a jury by twelve can be cured by an instruction for the jury to begin deliberations anew. *See Chambers*, 387 N.C. at 526–27. This instruction gives the effect of a jury of twelve people deciding the matter, *id.*, unlike the Confrontation Clause violation described in *Bruton*, as no instruction can substitute for a live cross-examination in open court, *see* 391 U.S. at 137. Our Supreme Court's holding in *Chambers* also supports that substituting a juror after deliberations began is not a context "in which the risk that the jury will not, or cannot, follow instructions is so great" that no instruction will be sufficient, *cf. id.* at 135–36, because our State's High Court held that instructing

juries to restart deliberations cures the risk "that the verdict will be rendered by thirteen people," which would be in violation of our constitution, *Chambers*, 387 N.C. at 527.

In the present case, the jury did deliberate for a shorter period of time. However, there must be enough evidence to rebut the "almost invariable presumption" that juries follow a trial court's instructions, and the fact that the jury deliberated for a comparatively shorter period of time falls short of doing so. *See Richardson*, 481 U.S. at 206 (1987). Because of the clarity and robustness of the trial court's instruction, the jury returned a mixed verdict, and this presumption, that the jury deliberated for a relatively shorter period of time fails to rebut the presumption that the jury followed the trial court's instruction. Accordingly, the trial court did not err.

## V. Conclusion

For the reasons stated above, we conclude that the trial court did not err.

NO ERROR

Judges ARROWOOD and MURRY concur.

Report per Rule 30(e).