STATE v. C. A. STRAUGHN.

(Filed 13 November, 1929.)

**1. Criminal Law L a—Appeal not prosecuted under Rules of Court will be docketed and dismissed on motion of Attorney-General.**

An appeal from the conviction in a criminal case will be docketed and dismissed on motion of the Attorney-General when not prosecuted as required by the Rules of Court, but the record will be examined for errors appearing upon its face, and where it so appears that the defendant was convicted without a trial by jury after he had entered a plea of "not guilty," the cause will be remanded to the Superior Court for trial according to law.

**2. Criminal Law I a—Prisoner may not waive his right to trial by jury when he has entered plea of not guilty.**

Where the defendant in a criminal prosecution for a misdemeanor under the "Bad Check Law" has entered a plea of "not guilty," he may not waive his constitutional right to a trial by jury without changing his plea.

MOTION by State to docket and dismiss appeal.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

STACY, C. J. At the February Special Term, 1929, of Robeson Superior Court, Hon. Cameron F. McRae, Special Judge presiding, upon the call of the present case for trial, wherein the defendant is

charged with a violation of the "Bad Check Law," by consent of the solicitor and counsel representing the defendant, it was agreed that the court might "find the facts and the law," whereupon the court entered a finding "that the defendant is guilty," and rendered judgment that he "pay a fine of $50 and costs." The defendant gave notice of appeal to the Supreme Court, but has failed to prosecute same as required by the rules. *S. v. Taylor,* 194 N. C., 738, 140 S. E., 728.

The motion of the Attorney-General to docket the appeal must be allowed. *S. v. Clyburn,* 195 N. C., 618, 143 S. E., 129; *S. v. Thomas,* 195 N. C., 458, 142 S. E., 474; *S. v. Dalton,* 185 N. C., 606, 115 S. E., 881; *S. v. Ward,* 180 N. C., 693, 104 S. E., 531. But as it appears on the face of the record proper that the same error was committed in this case as in *S. v. Crawford, ante,* 513, the judgment will be stricken out and the cause remanded to the Superior Court for trial by a jury as the law provides; none has yet been had.

It has been held in a number of cases that when a defendant in a criminal prosecution, on trial in the Superior Court, enters a plea of "not guilty" to the charge preferred against him, he may not thereafter, without changing his plea, waive his constitutional right of trial by jury. *S. v. Hartsfield,* 188 N. C., 357, 124 S. E., 629. And this applies to misdemeanors as well as to the more serious offenses. *S. v. Pulliam,* 184 N. C., 681, 114 S. E., 394.

Of course, special verdicts are permissible in criminal cases, but when such procedure is had, all the essential facts must be found by a jury. *S. v. Allen,* 166 N. C., 265, 80 S. E., 1075. They may not be referred to the judge for decision even with the consent of the accused or his counsel. *S. v. Holt,* 90 N. C., 749.

Error.