STATE v. W. B. WALTERS, JR.

(Filed 26 June, 1935.)

**Constitutional Law F d—Defendant pleading not guilty may not waive constitutional right to jury trial without changing his plea.**

Defendant was convicted of a misdemeanor in the mayor's court upon his plea of not guilty. Upon appeal to the Superior Court the case was submitted upon an agreed statement of facts, and the court adjudged the defendant guilty. *Held:* Defendant, without changing his plea, could not waive his constitutional right to a jury trial, and there was error in the judgment.

APPEAL by defendant from *Harris, J.,* at March Term, 1935, of ORANGE. Error.

This is a criminal action in which the defendant is charged with the commission of a misdemeanor, to wit, the violation of an ordinance of the town of Hillsboro, N. C. C. S., 4174.

The action was begun by a criminal warrant issued by the mayor of the town of Hillsboro, and was tried in the mayor's court of said town, on defendant's plea of not guilty. The defendant was convicted, and appealed from the judgment at said trial to the Superior Court of Orange County.

After the action was docketed in the Superior Court of Orange County, and while it was pending in said court for trial, *de novo,* the attorney for the town of Hillsboro and the attorney for the defendant submitted to the judge of said court an agreed statement of facts, and agreed that said judge should consider said facts agreed, and render judgment thereon, expressly waiving a trial by jury.

The judge was of opinion that on the facts agreed the defendant is guilty, and thereupon adjudged that defendant pay a fine of $1.00 and the costs of the action.

The defendant excepted to the judgment and appealed to the Supreme Court.

*Attorney-General Seawell and Assistant Attorney-General Aiken for the State.*

*Gilbert B. Swindell and Jones & Brassfield for defendant.*

PER CURIAM. In *S. v. Straughn,* 197 N. C., 691, 150 S. E., 330, it is said: "It has been held in a number of cases that where a defendant in a criminal prosecution, on trial in the Superior Court, enters a plea of not guilty to the charge preferred against him, he may not thereafter, without changing his plea, waive his constitutional right of trial by jury. *S. v. Hartsfield,* 188 N. C., 357, 124 S. E., 629. And this applies to misdemeanors as well as to more serious offenses. *S. v. Pulliam,* 184 N. C., 681, 114 S. E., 394."

A judgment against a defendant in a criminal action who has entered a plea of not guilty of the crime with which he is charged, and who has not withdrawn said plea, is erroneous when there was no verdict, either general or special, to support the judgment. *S. v. Beasley,* 196 N. C., 797, 147 S. E., 301.

It is ordered that this action be remanded to the Superior Court of Orange County for trial in said court, as provided by law. *S. v. Pulliam, supra.*

Error.