### STATE v. CECIL RAY DANIEL.

(Filed 25 February, 1948.)

**1. Criminal Law § 80b (5)—**

The record in this case, while somewhat deficient and wanting in clarity, *is held* to contain sufficient matter to give the Supreme Court jurisdiction of the appeal, and the State's motion to dismiss is overruled.

**2. Criminal Law § 52b: Constitutional Law § 33—**

It is improper for the court to charge the jury that upon defendant's own testimony he is guilty of the offense charged and that the jury must return such verdict, and thereupon to sentence defendant.

APPEAL by defendant from *Williams, J.,* at September Term, 1947, of WILSON.

Criminal prosecution on indictment charging the defendant with assault with a deadly weapon resulting in serious injury.

On the night of 2 July, 1946, a dance was held at the "piccolo joint" in Lucama, which was attended by the defendant and Bud Rountree. Rountree says he tried to take care of the defendant as he was drinking and had his arm shot off when they reached his home. The defendant says he shot the prosecuting witness because he, Rountree, was drinking and intruding into his home frightening his wife and children.

The record discloses that at the close of the evidence, the court used this language:

"Gentlemen of the jury, there is no evidence in this case indicating that Rountree had any weapon or that he attempted to use any weapon at any time. Under the defendant's own statement he would be guilty

of assault with a deadly weapon and you must return such verdict. His sentence is six months, Mr. Clerk."

The record further recites that "the jury did not leave the room and did not raise their hands in voting for a conviction of the defendant of assault with a deadly weapon."

From the judgment imposed, the defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*Sharpe & Pittman, Wiley L. Lane, Jr., Robert A. Farris, and Harry C. Finch for defendant.*

STACY, C. J.   While the transcript is somewhat deficient, as well as wanting in clarity, we think enough appears on the record, especially in view of the recitals in the judgment, to give us jurisdiction of the appeal. Hence, the motion to dismiss will be overruled.   *S. v. Daniel,* 121 N. C., 574, 28 S. E., 255; *S. v. Butts,* 91 N. C., 524.

In addition to the peremptoriness of the charge, which seems to have silenced the jury, *S. v. Godwin,* 227 N. C., 449, 42 S. E. (2d), 617, there is neither plea nor verdict to support the judgment.   *S. v. Walters,* 208 N. C., 391, 180 S. E., 664.

A new trial seems necessary. It is so ordered. See *Blake v. Smith,* 163 N. C., 274, 79 S. E., 596.

New trial.