STATE OF NORTH CAROLINA v. SAMUEL McCOTTER

No. 743SC657

(Filed 4 December 1974)

**Criminal Law § 22— failure to enter formal arraignment and plea — defendant entitled to new trial**

Where the record was silent as to arraignment and plea with the exception that the court in its charge to the jury stated that defendant had entered a plea of not guilty to the charge, defendant is entitled to a new trial, despite the fact that the record was replete with indications that defendant was well aware of and understood the charges against him, that the jury was aware of the charges and understood them, that the entry of a formal arraignment and plea of not guilty would not have affected the outcome of the case, and that objection to the procedure followed appeared for the first time on appeal.

Judge VAUGHN dissents.

APPEAL by defendant from *Exum, Judge,* 25 February 1974 Session of Superior Court held in CRAVEN County. Heard in Court of Appeals 12 November 1974.

Defendant was convicted, upon indictment proper in form, of conspiracy to commit murder.

From judgment entered on the verdict of the jury, defendant appealed. Facts necessary for decision appear in the opinion.

*Attorney General Carson, by Deputy Attorney General White and Assistant Attorney General Guice, for the State.*

*Michael P. Flanagan for defendant appellant.*

MORRIS, Judge.

Defendant's first assginment of error presents the question of whether a defendant who was never arraigned and entered no plea at trial is entitled to a new trial. Defendant relies on *State v. Lueders,* 214 N.C. 558, 200 S.E. 22 (1938), where a unanimous Court, speaking through Chief Justice Stacy, said:

" . . . In the absence of a plea to the indictment or charge, there was nothing for the jury to determine. See *S. v. Camby,* 209 N.C., 50, 182 S.E., 715.

Speaking to a similar situation in *S. v. Cunningham,* 94 N.C., 824, *Ashe, J.,* delivering the opinion of the Court, said: 'There is manifest error in the judgment of the Superior Court. First, for the reason that there was no plea filed by the defendant, and therefore no issue to be submitted to the jury, and consequently the verdict returned by them was a nullity; and it must follow, as a necessary consequence, that no judgment could be pronounced upon such a verdict.' See *S. v. Beal,* 199 N.C., 278, 154 S.E., 604; *S. v. Walters,* 208 N.C., 391, 180 S.E., 664; *S. v. Stewart,* 89 N.C., 563."

An analysis of the cases to which the court refers reveals that the *Stewart* and *Walters* cases involved a situation where the defendant, upon a plea of not guilty, waived a trial by jury and was tried by the court, in one instance upon an agreed statement of facts. This, the Court said, constituted error. In *Beal* the defendants entered pleas of not guilty to the principal bill of indictment charging murder. Counts were added to the bill, without objection from defendant, all of which related to the same transaction. Defendants did not plead to the added counts, and the Court refused to find error. In the *Lueders* case, it does not appear that any circumstances were present except a failure to arraign and the absence of a plea.

We are aware of *Garland v. Washington,* 232 U.S. 642, 34 S.Ct. 456, 58 L.Ed. 772 (1914). There defendant was charged with larceny of "one thousand dollars ($1,000.00) in lawful money of the United States." Upon that information he was arraigned, entered a plea of not guilty, was tried and convicted. Thereafter, he was awarded a new trial, and a new information filed, making the same charges. To that information defendant directed certain motions, all of which were denied. No arraignment was had or plea entered on that information. After the jury was impaneled, defendant objected to the introduction of evidence on the general ground that the State had no right to try defendant on that information. The objection was overruled, the trial proceeded, and the jury convicted defendant. He appealed. The Supreme Court of Washington held that he was not entitled to a new trial for failure to have arraignment and plea. Upon appeal, the Supreme Court of the United States affirmed, saying:

"Due process of law, this court has held, does not require the state to adopt any particular form of procedure, so

long as it appears that the accused has had sufficient notice of the accusation and an adequate opportunity to defend himself in the prosecution."

The Court noted that in affirming the Supreme Court of Washington it was overruling its own holding in *Crain v. United States,* 162 U.S. 625, 40 L.Ed. 1097, 16 S.Ct. Rep. 952, that in a federal court no valid trial could be had without the requisite arraignment and plea, and approving a number of earlier cases in the state courts which had held that such form of arraignment entered of record was essential to a valid trial. The *Garland* Court adopted the view of the minority in *Crain* which had said:

". . . A waiver ought to be conclusively implied where the parties had proceeded as if defendant had been duly arraigned, and a formal plea of not guilty had been interposed, and where there was no objection made on account of its absence until, as in this case, the record was brought to this court for review. It would be inconsistent with the due administration of justice to permit a defendant under such circumstances to lie by, say nothing as to such an objection, and then for the first time urge it in this court." *Garland v. Washington, supra,* 58 L.Ed. at 775.

Thus it appears that in *Crain,* the defendant had entered a plea of not guilty but had not been arraigned and in *Garland,* the defendant had once pled to the same charge and upon a second trial entered motions with respect to the information and even a general objection to the introduction of evidence. There can be no doubt but that in these two cases, the defendants were completely aware of the charges against them. In *Beaty v. United States,* 203 F. 2d 652 (U.S. Ct. App. 4th Circ. 1953), Chief Judge Parker writing for the Court said:

"The first ground urged is that the court proceeded with the trial without a formal arraignment and without a plea to the bill of indictment. This contention seems to be based upon the fact that the arraignment and plea do not appear in the stenographer's notes of the trial. The District Judge has specifically found, however, that plea of not guilty was duly entered by defendant upon his arraignment in open court, that such plea was entered by the clerk upon his original record and was referred to by the judge in his charge to the jury. We are bound by this finding; but,

even if this were not so, it is well settled that arraignment and plea were waived by going to trial. *Garland v. State of Washington,* 232 U.S. 642, 34 S.Ct. 456, 58 L.Ed. 772; *Rulovitch v. United States,* 3 Cir., 286 F. 315; *Williams v. United States,* 6 Cir., 3 F. 2d 933; *King v. United States,* 6 Cir., 25 F. 2d 242."

In the case before us, defendant, at trial and in open court, moved to quash the indictment and moved for a continuance for the appointment of additional counsel. The record indicates that the indictment was read out of the presence of the jury but in the presence of defendant. The record further shows that immediately thereafter the defendant, in *propria persona,* carried on a conversation with the trial judge and informed the judge that he simply did not want to be tried at that time until he could "get some help from somebody." The record is silent as to arraignment and plea with the exception that the court in its charge to the jury stated that defendant had entered a plea of not guilty to the charge. Despite the fact that the record is replete with indications that defendant was well aware of and understood the charges against him, that the jury was aware of the charges and understood them, that the entry of a formal arraignment and plea of not guilty would not have affected the outcome of the case, and further that objection to the procedure appears for the first time on appeal, we are bound by the prior decisions of the Supreme Court of this State, and particularly by *State v. Lueders, supra.*

For the reasons stated defendant must be granted a

New trial.

Judge CAMPBELL concurs.

Judge VAUGHN dissents.