State v. Baldwin

STATE OF NORTH CAROLINA v. RALPH WILLIAM BALDWIN

No. 7515SC34

(Filed 2 July 1975)

1. Criminal Law § 29— mental capacity to stand trial — test
    The test of a defendant's mental capacity to stand trial is whether he has, at the time of trial, the mental capacity to comprehend his position, to understand the nature and object of the proceeding against him, to conduct his defense in a rational manner, and to cooperate with his counsel to the end that any available defense may be interposed.

2. Criminal Law § 29— mental capacity to stand trial — sufficiency of evidence
    The trial court did not err in denying the motion of defendant's counsel that the case be dismissed on the ground that defendant was not competent to stand trial and was not competent at the time the offense was committed where a report issued by the medical personnel at Cherry Hospital stated that defendant was competent to stand trial, and the statement in the report that defendant had 19 previous admissions to various State mental facilities and various diagnoses did not serve to "indict" the report's ultimate finding that defendant was competent to stand trial.

3. **Criminal Law § 29— mental incapacity to stand trial — charges not dismissed**

Even if there were a sufficient showing to require a determination that defendant lacked sufficient mental capacity to stand trial, such a determination would not warrant dismissal of the charge against him; rather, he might still be tried at a later date upon a finding that he had recovered sufficiently to be competent to stand trial. G.S. 122-87.

4. **Criminal Law §§ 22, 158— arraignment and plea — absence from transcript — statement in record on appeal**

Failure of the court reporter to record any reference of the arraignment and plea in the trial transcript and inability of defense counsel and the assistant solicitor to recall whether there was a formal arraignment and plea clearly did not establish that arraignment and plea did not occur, and defendant was not entitled to a new trial where the judgment from which the appeal was taken and the record as originally docketed in the Court of Appeals indicated that defendant was brought to trial upon a valid bill of indictment to which he pleaded guilty.

5. **Criminal Law § 117— interested witness — no request for jury instruction**

The trial court did not err in failing to instruct the jury to scrutinize the testimony of a State's witness since he was an interested witness where defendant made no request for such an instruction.

ON *writ of certiorari* to review trial before *Hall, Judge.* Judgment entered 5 December 1973 in Superior Court, ORANGE County. Heard in the Court of Appeals 8 April 1975.

By indictment proper in form defendant was charged with the first-degree murder of Charlie Mitchell. When the case was called for trial, the solicitor announced that the State would seek a verdict of guilty of second-degree murder.

The State's evidence shows: On the afternoon of 13 September 1973 defendant, Mitchell, and the State's witness, Michael Edwards, went to a graveyard in Carrboro, where they drank wine. Edwards testified that defendant "just suddenly hauled off and hit Charlie," then "stomped" Charlie Mitchell in the chest with his feet. Mitchell did not fight back. Defendant picked up a tombstone and struck Mitchell in the chest with it. Defendant and Edwards then left Mitchell lying on the ground in the cemetery, where his body was subsequently discovered. An autopsy revealed that his death was caused by blunt trauma to the chest and abdomen.

Defendant denied he hit Mitchell and testified that Edwards was the one who hit Mitchell with the stone.

The jury found defendant guilty of murder in the second degree. From judgment imposing a prison sentence, defendant gave notice of appeal. Because of delays in obtaining a transcript of the trial proceedings, defendant filed a petition for writ of certiorari, which was allowed.

*Attorney General Edmisten by Assistant Attorney General Zoro J. Guice, Jr. for the State.*

*Joseph I. Moore, Jr.; and Vann & Vann by Arthur Vann for defendant appellant.*

PARKER, Judge.

Defendant's trial commenced on 3 December 1973. Prior to presentation of evidence by the State, defendant's counsel moved that the case be dismissed on the ground that defendant was not competent to stand trial and was not competent at the time the offense was committed. The motion was denied, and in this we find no error.

[1] "The test of a defendant's mental capacity to stand trial is whether he has, at the time of trial, the mental capacity to comprehend his position, to understand the nature and object of the proceedings against him, to conduct his defense in a rational manner, and to cooperate with his counsel to the end that any available defense may be interposed." *State v. Cooper,* 286 N.C. 549, 565, 213 S.E. 2d 305, 316 (1975). In the present case, defendant was committed on 21 September 1973 to Cherry Hospital by a court order entered pursuant to G.S. 122-91. Following examinations and testing at that facility, a report dated 25 October 1973 was issued by the medical personnel of Cherry Hospital. This report contains the following:

> "The examinations, observation and testing performed in this hospital have revealed no evidence of insanity nor any serious mental disorder which might interfere with the defendant's competency to stand trial to the charge of murder. Mr. Baldwin has demonstrated to this staff the capacity to distinguish between right and wrong and to understand the possible consequences of the alleged crime for which he is under indictment. He has the capacity to comprehend his position and to understand the nature and object of the proceedings against him. He has the capacity to conduct his defense in a rational manner and to cooperate with his counsel to the end that any available defense may

be interposed. It is the opinion of this staff that Mr. Baldwin should be returned to the court inasmuch as he is competent to plead to the charge against him."

[2] Defendant's counsel contends this report contains an "indictment of its own conclusion," pointing to other portions of the report in which it is stated that since 30 April 1968 defendant had nineteen previous admissions to various State mental facilities and that various diagnoses offered since that time included "Schizophrenic Reaction, Acute Undifferentiated Type; Schizophrenia, Paranoid Type; Mild Mental Retardation; Alcoholic Addiction; Passive-Aggressive Personality; Habitual Excessive Drinking; Sociopath and Alcohol Addiction; Alcohol, Paranoid State; Schizophrenia, Chronic Undifferentiated Type; Alcoholic Brain Syndrome; and Inadequate Personality." These previous diagnoses were, however, for the medical personnel at Cherry Hospital to evaluate along with their own current tests and observations of the defendant. The existence of these earlier diagnoses and the reference to them in the report did not, as defendant's counsel contends, serve to "indict" the report's ultimate finding that defendant was competent to stand trial. No further information bearing upon defendant's competency to stand trial was brought to the trial judge's attention and no request was made that the court conduct a formal inquiry into the matter. "Ordinarily, it is for the court, in its discretion, to determine whether the circumstances brought to its attention are sufficient to call for a formal inquiry to determine whether defendant has sufficient mental capacity to plead to the indictment and conduct a rational defense." *State v. Propst*, 274 N.C. 62, 68, 161 S.E. 2d 560, 565 (1968). Here, in view of the ultimate recommendation made by the hospital staff, the circumstances brought to the court's attention were insufficient to require the court to conduct a formal inquiry, and the court did not commit error in simply denying the motion made by defendant's counsel.

[3] We point out that in no event would defendant be entitled to the relief for which his counsel moved, i.e., that the case against him be dismissed. Had there been a sufficient showing to require a determination that defendant lacked sufficient mental capacity to stand trial, such a determination would not warrant dismissal of the charge against him. He might still be tried at a later date upon a finding that he had recovered sufficiently to be competent to stand trial. G.S. 122-87.

The matter of defendant's mental capacity at the time of the commission of the offense would have been for the jury to determine had any evidence bearing on this question been presented. In this case no evidence was presented before the jury which brought into question defendant's mental capacity at the time the offense was committed. If defendant intended to rely on the defense that he was legally insane at the time the crime was committed, the burden was on him to prove his insanity to the satisfaction of the jury. *State v. Swink*, 229 N.C. 123, 47 S.E. 2d 852 (1948). He did not invoke such a defense before the jury, but relied entirely on his testimony that it was the State's witness, and not himself, who delivered the fatal blows.

[4] Defendant next contends that he is entitled to a new trial because the record fails to show that he was ever arraigned or entered any plea to the charge upon which he was tried. We do not so interpret the record. As originally docketed in this Court on 14 January 1975, the record on this appeal contains the following under the heading, "Statement of Case on Appeal":

"The defendant, Ralph William Baldwin, was charged in a bill of indictment with murder. The State announced that it would seek a verdict of guilty of second-degree murder. The defendant plead [sic] 'not guilty' to the bill of indictment. . . . "

Defendant's trial counsel and the solicitor for the State signed a stipulation dated 13 December 1974 agreeing to the foregoing statement of case on appeal. The judgment appealed from, which was signed by the trial judge on 5 December 1973, also contains the statement that defendant "entered a plea of not guilty."

After the original record on appeal was docketed in this Court, defendant's counsel filed a motion in this Court on 21 January 1975, citing *State v. McCotter*, 24 N.C. App. 76, 210 S.E. 2d 91 (1974), asking for an extension of time to file appellant's brief "to enable Appellant to make further inquiry into whether or not formal arraignment of the said Appellant was held." This Court allowed the motion for an extension of time to file appellant's brief. This motion, which was signed by both of defendant's counsel on this appeal, one of whom appeared and represented defendant throughout the trial, contains the statement that defendant's trial counsel "cannot specifically recall whether or not there was a formal arraignment and plea, nor does the Honorable John Joseph Hackney, then Assistant

Solicitor, for the Fifteenth Judicial District, who appeared for the State, recall whether or not there was in fact a formal arraignment." The motion also contains the further statement that defendant's trial counsel had contacted the court reporter, "who reported that the transcript of the trial as prepared by her was prepared in her customary manner and that she has not heretofore customarily included arraignment and plea." On 14 February 1975 defendant's counsel filed a motion, which was allowed, to add to the record on appeal three pages from the court reporter's stenographic transcript which contained the report of the proceedings at the commencement of defendant's trial. These pages of the transcript contained no reference to any arraignment or plea, which is not surprising in view of the court reporter's statement to defendant's counsel that the transcript was prepared "in her customary manner" and that she had not "heretofore customarily included arraignment and plea."

Certainly one of the prerequisites to a valid criminal trial is that defendant be brought to trial upon a valid warrant or bill of indictment to which he is given an opportunity to plead. The judgment from which the appeal was taken in the present case and the record as originally docketed in this Court indicate that this was done in this case and that defendant entered a plea of not guilty. Failure of the court reporter to include any reference to the arraignment and plea in the trial transcript clearly does not establish that arraignment and plea did not occur, since the court reporter stated that she customarily did not include any such reference. What is abundantly clear from the entire record is that defendant, represented by counsel, was brought to trial on a valid indictment charging him with the first-degree murder of Charlie Mitchell, that the solicitor announced that the State would seek a verdict of guilty only on a charge of second-degree murder, and that defendant and his attorney thereafter participated throughout the trial with full awareness of the exact charge for which defendant was being tried. Furthermore, the charge of the court to the jury shows that the jury was fully and correctly instructed as to the exact offense for which defendant was being tried, that he had pled not guilty, and that he was presumed to be innocent. We find no merit in defendant's assignment of error which is based on his contention that the record fails to show a valid arraignment and plea of not guilty.

Defendant next assigns error to the denial of his motion for nonsuit. The State's evidence was amply sufficient to war-

rant submitting the case to the jury, and defendant's motion for nonsuit was properly denied.

[5]   Finally, defendant assigns error to the failure of the court to instruct the jury that the State's witness, Michael Edwards, was an interested witness whose testimony should be carefully scrutinized. "Instruction to scrutinize the testimony of a witness on the ground of interest or bias is a subordinate and not a substantive feature of the trial, and the judge's failure to caution the jury with respect to the prejudice, partiality, or inclination of a witness will not generally be held for reversible error unless there be a request for such instruction." *State v. O'Neal,* 187 N.C. 22, 25, 120 S.E. 817, 818 (1924). Here, there was no request for such an instruction.

In defendant's trial and in the judgment appealed from we find

No error.

Chief Judge BROCK and Judge ARNOLD concur.