STATE OF NORTH CAROLINA v. BILLY RAY REID

No. 788SC286

(Filed 7 November 1978)

**Criminal Law § 29— mental capacity to stand trial**
> Evidence that defendant was a patient in a mental hospital at the time of a robbery and that he suffers from a mental illness known as paranoid schizophrenia for which he has taken medication did not show as a matter of law that he was mentally incompetent to stand trial for the robbery. However, the trial court's determination that defendant was mentally competent to stand trial was not supported by the evidence where the State's expert in psychiatry testified that defendant was competent to stand trial on a date two to three months prior to the trial, that defendant's condition was subject to sporadic changes, and that he could render no opinion at the time of trial as to defendant's mental capacity to proceed with trial.

APPEAL by defendant from *Fountain, Judge.* Judgment entered 17 November 1977 in Superior Court, WAYNE County. Heard in the Court of Appeals 15 August 1978.

Defendant was charged in a proper bill of indictment with common law robbery. Upon his plea of not guilty, the State offered evidence tending to show the following:

On 3 August 1977 at approximately 1 p.m., the defendant entered Wachovia Bank and Trust Company in Goldsboro, North Carolina, and approached Kay Gunnett who was working as a

teller. With his left hand on the counter and his right hand concealed, the defendant said, "This is a stick-up; give me all your money." Gunnett gave the defendant $997.00, and the defendant fled from the bank. Responding to pleas for help from a bank official, Officer Pearson of the Goldsboro Police Department apprehended the defendant two blocks from the bank. At the police station the defendant signed a waiver of his constitutional rights and divulged to Sergeant R. K. Whaley the details of the robbery.

The defendant offered evidence tending to show that at the time of the robbery he was a patient at Cherry Hospital suffering from a mental illness known as paranoid schizophrenia, and that when he committed the robbery he could not distinguish between right and wrong.

The jury found the defendant guilty of common law robbery. From a judgment imposing a prison sentence of five to seven years, the defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Archie W. Anders, for the State.*

*Hulse and Hulse, by H. Bruce Hulse, Jr., for the defendant appellant.*

HEDRICK, Judge.

By his first assignment of error the defendant maintains that the trial court erred in its pre-trial finding that the defendant was mentally capable to proceed with trial.

It is mandated by statute that "[n]o person may be tried, convicted, sentenced, or punished for a crime when by reason of mental illness or defect he is unable to understand the nature and object of the proceedings against him, to comprehend his own situation in reference to the proceedings, or to assist in his defense in a rational or reasonable manner." G.S. 15A-1001(a). The courts of this State have frequently cited the factors in the quoted statute as determinative of a defendant's mental capacity to proceed to trial. *See, e.g. State v. Taylor,* 290 N.C. 220, 226 S.E. 2d 23 (1976); *State v. Propst,* 274 N.C. 62, 161 S.E. 2d 560 (1968); *State v. Baldwin,* 26 N.C. App. 359, 216 S.E. 2d 466 (1975). The question of defendant's capacity is within the trial judge's

discretion and his determination thereof, if supported by the evidence, is conclusive on appeal. *State v. Willard*, 292 N.C. 567, 234 S.E. 2d 587 (1977); *State v. Taylor, supra.*

Pursuant to the defendant's motion in the present case, the trial court conducted a *voir dire* hearing prior to trial to determine the defendant's capacity to proceed with trial. At the hearing the defendant presented exhibits tending to show that the defendant was involuntarily committed to Cherry Hospital on 29 June 1977; that he remained there until after the robbery; and that he suffers from a mental illness known as paranoid schizophrenia for which he has taken medication. We do not agree with the defendant that this evidence dictates a determination that he was mentally incapable of proceeding with trial as a matter of law.

On the other hand, the State relied totally on the testimony and psychiatric report of Dr. Bob Rollins, a psychiatrist at the Dorothea Dix Hospital in Raleigh. Rollins testified that he had examined the defendant on three occasions in August, 1977; that the defendant suffers from a chronic mental illness known as paranoid schizophrenia; and that due to medication the defendant was in a state of partial remission at the time of his examinations. Rollins further testified as follows: "Based on [the examination of the defendant] . . . I formed an opinion that Mr. Reid was capable of proceeding to trial. I formed that opinion on August 23rd, 1977 and I have had no contact with Mr. Reid since that date." On cross-examination Rollins added:

> As of August 23rd, I believe Mr. Reid understood his situation, and understood the legal issues involved and in my opinion was able to cooperate with counsel . . . That is, on the 23rd, I felt Mr. Reid could tell to his attorney what took place and felt that he was able to cooperate with his attorney in order to do this. Yet, as of now, I have no opinion as to whether he can do that.

In our opinion Dr. Rollins' testimony and evaluation is not sufficient to support the trial court's determination in light of his admission that he had no current opinion as to the defendant's capacity to proceed. Obviously, the most critical time with which we should be concerned in this determination is the time of trial. The fact that two to three months prior thereto the defendant

was determined to be mentally capable to proceed to trial cannot be determinative in itself when the examining psychiatrist casts doubt on his own testimony. In this connection we also find it significant that Dr. Rollins diagnosed the defendant's mental illness as chronic paranoid schizophrenia with which a patient typically experiences sporadic changes in condition; that at the time of his examination the defendant was in a state of partial remission which meant that some symptoms had diminished but could recur at any time; and that if he were not treated with medication on a regular basis "his condition might worsen." No evidence was presented as to whether the defendant continued to receive treatment in the interim between Dr. Rollins' examination and trial. Under these circumstances Dr. Rollins' admission comprehends more than a slight possibility that the defendant might have regressed in his disease, and neither we nor the trial court can assume the stability of his mental condition over a two to three month period. In short, when Dr. Rollins candidly stated that he could render no current opinion as to the defendant's mental capacity to proceed with trial, he nullified his earlier evaluation and left the State without any evidence to contest the defendant's motion. We hold that the trial court's determination that the defendant was mentally capable to proceed with trial is not supported by the evidence. Defendant's trial, therefore, was a nullity, and the verdict and judgment must be vacated, and the cause remanded to the Superior Court for further proceedings against the defendant if the district attorney shall elect to bring the defendant to trial on the charge set out in the bill of indictment.

The verdict and judgment is vacated and the cause remanded for a new hearing on the defendant's motion.

Vacated and remanded.

Judges MORRIS and WEBB concur.