STATE OF NORTH CAROLINA v. ARTHUR JASON McGEE

No. 8118SC1032

(Filed 6 April 1982)

**Criminal Law § 29— capacity to stand trial—further hearing required**
    Where on 16 March 1981 a competency hearing was held concerning defendant's ability to stand trial, and defendant was found not competent to assist in his defense; where on 13 April 1981, the competency hearing was reconvened and defendant was found to be competent to stand trial; and where on 1 May 1981, before defendant could be tried, another judge ordered defendant recommitted for observation and treatment, the trial judge erred in relying on his 13 April 1981 order concluding that defendant was competent to stand trial. The 1 May order finding defendant "may be incapable of proceeding in this case," established a presumption that defendant was not competent to proceed to trial under the standard established in G.S. 15A-1001(a). Prior to defendant's trial, therefore, the court had an obligation to inquire again into the defendant's mental capacity to proceed to trial.

APPEAL by defendant from *Rousseau, Judge.* Judgments entered 15 May 1981, in Superior Court, GUILFORD County. Heard in the Court of Appeals 3 March 1982.

Defendant was indicted on two counts of first degree murder and one count of assault with a deadly weapon with intent to kill inflicting serious injury. On 16 March 1981, prior to defendant's May trial, defense counsel moved for a competency hearing, which was allowed. During the hearing, a forensic psychiatrist, Dr. Allen

J. Sherrow, testified that defendant was suffering from schizophrenic disorder, paranoid type, which had not been adequately treated for the purpose of proceeding with the charges against him. A second psychiatrist, Dr. Billy J. Royal, testified that he had examined defendant in December 1980, when defendant was committed by court order to Dorothea Dix Hospital. Dr. Royal stated that, in his opinion, the defendant was competent to stand trial. That opinion, however, changed after Dr. Royal was allowed to examine defendant in private during the competency hearing. After the examination, he concluded that defendant was not competent to assist in his defense and was, therefore, not competent to stand trial. Dr. Royal recommended further examinations.

As a result of this hearing, the trial court, without determining defendant's capacity to proceed with trial, ordered defendant committed again to Dix Hospital for re-evaluation and treatment. On 13 April 1981, the competency hearing was reconvened. Dr. Royal testified that, with proper medication (twenty milligams of Navane per day), defendant could handle his chronic illness and that, in his opinion, at that time defendant had the capacity to comprehend his position, to understand the object and nature of the proceedings against him, to conduct his defense in a rational manner, and to cooperate with counsel. Based on Dr. Royal's testimony as well as that of a Guilford County Deputy Sheriff who had observed defendant during his incarceration, Judge Rousseau concluded that defendant was competent to stand trial.

On 1 May 1981, before defendant could be tried, however, Superior Court Judge Albright ordered defendant recommitted to Dix Hospital for observation and treatment. In his order, Judge Albright found that defendant "may be incapable of proceeding in this case, and in need of treatment." On 11 May, with a letter from Dr. Royal, defendant was returned to the Guilford County Jail. The letter stated simply that the Dix Hospital staff had completed their evaluation and observation. When his case was called for trial, defendant, through counsel, again raised the issue of defendant's competence to stand trial. When defense counsel could offer no evidence to support his contention of incapacity to proceed, Judge Rousseau relied on his 13 April 1981 order concluding that defendant was competent to stand trial.

The case immediately proceeded to trial, and the jury found defendant guilty of two counts of second degree murder and one count of assault with a deadly weapon inflicting serious injury. From judgment imposing active prison terms, defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General J. Chris Prather, for the State.*

*McNairy, Clifford & Clendenin, by Locke T. Clifford and Michael R. Nash, for defendant-appellant.*

WELLS, Judge.

The sole question we consider is whether the trial court erred in concluding that defendant was capable of pleading and standing trial at the time of his arraignment and trial. Because we find that Judge Albright's order recommitting defendant to Dorothea Dix Hospital for further observation established a presumption of a lack of capacity, we hold that a further hearing on the issue of his capacity to proceed to trial should have been held.

Under G.S. 15A-1001(a), "[n]o person may be tried, convicted, sentenced, or punished for a crime when by reason of mental illness or defect he is unable to understand the nature and object of the proceedings against him, to comprehend his own situation in reference to the proceedings, or to assist in his defense in a rational or reasonable manner." Ordinarily, it is within the trial court's discretion to determine whether circumstances brought to its attention require a formal inquiry as to whether a defendant has sufficient mental capacity to plead to the indictment and to conduct a rational defense. *State v. Propst*, 274 N.C. 62, 161 S.E. 2d 560 (1968).

In the present case, the evidence elicited in the competency hearings of 16 March and 13 April 1981 indicated that defendant's mental capacity was tenuous at best. In recommitting defendant to Dix Hospital on 1 May 1981, Judge Albright found that he "may be incapable of proceeding in this case." Judge Albright's order established a presumption that defendant was not competent to proceed to trial under the standard established in G.S. 15A-1001(a). Prior to defendant's trial, therefore, the court had an

obligation to inquire again into the defendant's mental capacity to proceed to trial. *State v. Reid*, 38 N.C. App. 547, 248 S.E. 2d 390 (1978); *disc. rev. denied*, 296 N.C. 588, 254 S.E. 2d 31 (1979). This is so even though defense counsel stated that he had no evidence concerning defendant's capacity to proceed. *Cf. State v. Propst*, supra (where defendant's counsel stated that "he had nothing that had transpired" since defendant's last clinical report but the Supreme Court found necessary a further competency hearing).

The failure of the trial court to appropriately rehear and redetermine the question of whether the defendant was mentally competent to proceed to trial invalidated the subsequent trial. *State v. Reid*, supra. The verdict and the judgment must be vacated, and the cause is remanded to Superior Court for further proceedings consistent with this opinion.

Since defendant's other assignments of error are unlikely to occur at a new trial, we need not discuss them here.

Vacated and remanded.

Judges HILL and BECTON concur.