STATE v. HOPE

[96 N.C. App. 498 (1989)]

———————

STATE OF NORTH CAROLINA v. RUDOLPH PRESTON HOPE

No. 8826SC1250

(Filed 5 December 1989)

1. **Criminal Law § 20 (NCI4th)— competency to proceed to trial— sufficiency of evidence to support court's finding of competency**

There was no merit to defendant's contention that the trial court's finding that he was competent to proceed to trial was not supported by competent evidence, since defendant's witness, as he had done in an earlier hearing before another judge, testified that in his opinion defendant was incompetent to stand trial, but he also testified, in effect, that defendant's condition was essentially the same as when the other judge had found him to be competent, and such testimony was support enough for the court's finding that defendant was competent to proceed to trial.

**Am Jur 2d, Criminal Law § 81.**

2. **Criminal Law § 20 (NCI4th)— defendant's competency when crimes committed—psychiatrist's testimony admissible**

Testimony by a psychiatrist, who examined defendant during his first Dorothea Dix commitment for the purpose of determining his competency to stand trial, as to his competency when the crimes were committed did not violate defendant's rights against self-incrimination and to effective assistance of counsel.

**Am Jur 2d, Criminal Law §§ 67, 109.**

STATE v. HOPE

[96 N.C. App. 498 (1989)]

**3. Criminal Law § 1102 (NCI4th) — judge's comments made after sentence — no aggravation by implicit finding of nonstatutory factors**

There was no merit to defendant's contention that his sentences were aggravated because the judge implicitly found as nonstatutory factors without supporting evidence that the mental health system was ineffective in treating conditions such as defendant's and that defendant would be dangerous to himself and others in the future since defendant's contention was based on random comments made by the court after the sentences were announced.

**Am Jur 2d, Criminal Law § 554.**

APPEAL by defendant from *Kirby, Judge.* Judgments entered 21 January 1988 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 22 August 1989.

*Attorney General Thornburg, by Special Deputy Attorney General Charles M. Hensey, for the State.*

*Appellate Defender Hunter, by Assistant Appellate Defender Mark D. Montgomery, for defendant appellant.*

PHILLIPS, Judge.

[1] Defendant was convicted and sentenced for attempted first degree rape, first degree sexual offense, and felonious breaking and entering. His main contention here is that the trial court's finding that he was competent to proceed to trial is not supported by competent evidence. The contention has no merit and we overrule it. *State v. Willard,* 292 N.C. 567, 234 S.E.2d 587 (1977). The facts bearing upon this question follow:

After being arrested on 11 July 1986 and before his indictment defendant moved for examination of his capacity to proceed to trial and on 24 July 1986 he was committed to Dorothea Dix Hospital for temporary observation and treatment pursuant to G.S. § 15A-1002. One of the psychiatrists who examined him there was Dr. Bob Rollins, Clinic Director of the Forensic Unit and Director of Forensic Services for the North Carolina Department of Mental Health. After being indicted on 11 August 1986 defendant notified the State of his insanity defense, and when the case first came on for trial on 11 December 1986 he again raised the question of

his capacity to proceed, and was again committed to Dorothea Dix Hospital for observation and evaluation. His competency to proceed to trial was first determined by Judge Saunders on 24 July 1987 after receiving expert testimony for both the State and defendant. In January 1988, when the case next came on for trial, defendant again raised the issue of his competency to proceed, and following a hearing at which the only expert testimony presented was by defendant's witness, Dr. Billinsky, Judge Kirby found him competent to proceed. As he had done in the earlier hearing before Judge Saunders Dr. Billinsky testified that in his opinion defendant was incompetent to stand trial, but he also testified, in effect, that defendant's condition was essentially the same as when Judge Saunders found him to be competent, and that the only change that had occurred — not sleeping as well and hearing voices more often — was due to changing his medications.

Dr. Billinsky's testimony, though perhaps not so intended, is support enough for the court's finding that defendant was competent to proceed to trial. In arguing to the contrary, defendant mistakenly relies upon *State v. Reid*, 38 N.C. App. 547, 248 S.E.2d 390 (1978), *disc. rev. denied*, 296 N.C. 588, 254 S.E.2d 31 (1979). For in that case the only expert relied upon had *no* opinion of the defendant's condition, whereas Dr. Billinsky expressed the opinion that defendant's condition was substantially the same as it was at the previous hearing when another expert expressed the opinion that he was competent.

[2] Another trial error that defendant cites is permitting Dr. Rollins to testify for the State in rebuttal to the effect that he was not insane when the crimes were committed. The contention is that since Dr. Rollins examined defendant during the first Dorothea Dix commitment for the purpose of determining his competency to stand trial the opinion as to his competency when the crimes were committed violated his right against self-incrimination and to effective assistance of counsel under the Fifth and Sixth Amendments of the United States Constitution and Article I, Secs. 19, 23 and 24 of the North Carolina Constitution. This argument has been rejected by our Supreme Court which has said that when a defendant relies on the insanity defense and introduces expert testimony on his mental status, the State "may introduce expert testimony derived from prior court-ordered psychiatric examinations for the purpose of rebutting that testimony without implicating the fifth amendment." *State v. Huff*, 325 N.C. 1, 44, 381 S.E.2d

635, 660 (1989). Since the circumstances do not encroach upon the Fifth Amendment *a fortiori* they do not violate the Sixth Amendment.

[3] The only other error to his prejudice that defendant asserts concerns the sentencing process. In sentencing defendant to terms greater than the presumptive sentences for the breaking and entering and attempted first degree rape convictions Judge Kirby found factors in both aggravation and mitigation and concluded that the factors in aggravation outweighed the factors in mitigation. These findings, supported by evidence showing that defendant had served 17 years for a prior burglary conviction and 90 days for a misdemeanor breaking and entering conviction, are not disputed. The contention is rather that defendant's sentences were aggravated because Judge Kirby implicitly found as nonstatutory factors without supporting evidence that the mental health system is ineffective in treating conditions such as defendant's and that defendant will be dangerous to himself and others in the future. The contention is based upon the following comments by the court after the sentences were announced:

> That's as charitable to this defendant, and I think this community, that I can be. He needs a place to stay, and that is the only place that I know where he can stay for his lifetime where he can be protected, hopefully, against his fellow inmates, although I make no guarantee of that, but certainly against others and against himself for the crimes that might be committed if he were free. I just don't see that there is hope for anything being of great value to him, as tragically as it may be. So, that is my sentence.

The contention is overruled. Viewed in the context of the trial and the sentencing hearing we do not regard these remarks as findings; in our view they were merely random observations about defendant's situation and the limits of the prison system. To vacate the sentences on this ground, as defendant urges, would require us to surmise that the random remarks above quoted rather than the factors expressly found were the basis for the court's action, and that we decline to do.

No error.

Judges WELLS and PARKER concur.