STATE OF NORTH CAROLINA
v.
FREEMAN HANKINS.
No. COA07-1100
Court of Appeals of North Carolina.
Filed April 1, 2008
This case not for publication
Attorney General Roy Cooper, by Special Deputy Attorney General Gary R. Govert, for the State.
D. Tucker Charns for defendant-appellant.
STEELMAN, Judge.
In a hearing to determine a defendant's competency to proceed at trial, where the trial court's findings are supported by competent evidence in the record, the trial court's ruling must be affirmed.

I. Factual and Procedural Background
In December 2002, Freeman Hankins (defendant) was indicted for first degree kidnapping, communicating threats, assault with a deadly weapon inflicting serious injury, and assault inflicting serious bodily injury. On 25 February 2004, defendant's third appointed counsel moved that defendant be examined to determine his capacity to proceed. This motion was granted. Defendant was evaluated by Dr. Charles Vance, a forensic psychiatrist, who determined that defendant was not competent and incapable of assisting his attorney in the preparation of his defense.
On 5 April 2004, Judge William C. Gore, Jr. adopted Dr. Vance's analysis and ordered that defendant was, "not capable of standing trial due to his inability to assist in the preparation of his defense" and involuntarily committed defendant to Cherry Hospital for further examination and treatment. Dr. Vance again evaluated defendant on 28 April 2004 and again found him incapable of proceeding to trial.
Defendant served a federal sentence on unrelated charges from November 2003 to March 2005. On 28 November 2005, the State moved for an examination to determine defendant's capacity to proceed.
In December 2005, defendant was evaluated by Dr. Nicole Wolfe, a forensic psychiatrist. Dr. Wolfe disagreed with Dr. Vance's determination that defendant had a delusional disorder which would render him incapable of assisting in the preparation of his defense. Dr. Vance maintained that defendant was delusional. Dr. Wolfe determined that defendant had a personality disorder, and that he was "able to understand the nature and objects of the proceedings against him, comprehend his own position relative to these proceedings and assist in his defense in a rational and reasonable manner if he so chooses."
On 23 October 2006, the court held a hearing to determine whether defendant was competent to proceed. The State presented expert testimony from Dr. Wolfe. Dr. Wolfe testified, consistent with her December examination, that defendant had a personality disorder and was competent to proceed to trial. Defendant did not present any expert testimony, but examined Dr. Wolfe concerning Dr. Vance's reports. Defendant's counsel informed the court that defendant was refusing to communicate with her. After considering Dr. Wolfe's testimony, reviewing the record, and observing defendant in court, the court determined that defendant was able to understand the nature and object of the proceedings, that he was able to comprehend his own situation in reference to the proceedings, and that he had the capacity to assist in his defense in a reasonable and rational manner.
Defendant's cases proceeded to trial. A jury found defendant guilty of first degree kidnapping, the lesser included offense of assault inflicting serious injury, communicating threats and assault inflicting serious bodily injury. The trial court sentenced defendant to two consecutive terms of imprisonment of 151 to 191 months and 34 to 41 months. At the request of the State, defendant was given a suspended sentence on the communicating threats charge, to commence at the expiration of his active prison sentences. Defendant appeals.

II. Defendant's Capacity to Proceed to Trial
In the only argument brought forward by defendant, he contends that the trial court erred in concluding that he was competent to proceed to trial. We disagree.
The test to determine a defendant's mental capacity to proceed to trial is found in N.C. Gen. Stat. § 15A-1001(a): No person may be tried, convicted, sentenced, or punished for a crime when by reason of mental illness or defect he is unable to understand the nature and object of the proceedings against him, to comprehend his own situation in reference to the proceedings, or to assist in his defense in a rational or reasonable manner. . . .
N.C. Gen. Stat. § 15A-1001(a) (2007). Further, evidence of mental illness is not dispositive on the issue of a defendant's mental capacity to proceed. State v. Pratt, 152 N.C. App. 694, 697, 568 S.E.2d. 276, 278 (2002). The fact that a defendant was previously found incompetent does not preclude a subsequent finding of competence by the same or a different judge. State v. Cooper, 286 N.C. 549, 566, 213 S.E.2d 305, 316-317 (1975), overruled in part on other grounds by State v. Leonard, 300 N.C. 223, 266 S.E.2d 631 (1980). The question of a defendant's capacity is within the trial judge's discretion and his determination thereof, if supported by the evidence, is conclusive on appeal. State v. Willard, 292 N.C. 567, 575, 234 S.E.2d 587, 592 (1977).
Defendant, relying on State v. Reid, 38 N.C. App. 547, 248 S.E.2d 390 (1978), claims that since, at the time of the final competency hearing, Dr. Wolfe had not seen him in nearly a year, the court could not rely on her expert opinion to evaluate his mental capacity. Defendant also asserts that evidence of his outrageous beliefs, statements, and actions show that he was unable to assist in his defense. Specifically, defendant points to his assertion he was the victim of "fake" or "false" indictments, his belief that the judges, prosecutors, and the State Bar were conspiring against him, and his constant invocation of God. First, defendant's reliance on Reid is misplaced. The Court in Reid reversed the trial court's determination of competency where the defendant presented evidence of incompetency and the State's expert stated that although he had previously determined that the defendant was competent, he had no opinion as to the defendant's current state. Id. at 550, 248 S.E.2d at 392. The Reid Court stated, "In our opinion, Dr. Rollins' testimony and evaluation is not sufficient to support the trial court's determination in light of his admission that he had no current opinion as to the defendant's capacity to proceed." Id. Unlike Reid, in the instant case, defendant did not present evidence of his incapacity, and the State's expert witness opined that defendant was competent to proceed. Dr. Wolfe further testified that she had examined records of defendant's incarceration in the Federal Bureau of Prisons, which showed defendant did not have any mental health issues during his incarceration. Dr. Wolfe's testimony was sufficient to support the trial court's finding that defendant was competent to proceed. Second, the trial court had the discretion to rely on Dr. Wolfe's testimony and determine that defendant was competent to proceed to trial despite evidence of defendant's outrageous statements, actions, and beliefs. "Although the evidence on defendant's capacity was conflicting, this determination was properly for the trial judge." State v. McRae, 32 NC. App. 243, 249, 231 S.E.2d 915, 919 (1977);see also In re I.R.T., ___ N.C. App. ____, 647 S.E.2d 129, 133 (2007) (holding that trial court did not abuse its discretion in finding juvenile competent to stand trial when two psychologists had contradictory opinions regarding juvenile's competency).
We hold that the trial court's determination that defendant was capable of proceeding to trial was supported by the evidence.
Defendant has failed to argue his remaining assignments of error, and they are deemed abandoned pursuant to N.C. R. App. P. 28(b)(6).
AFFIRMED.
Judges HUNTER and McCULLOUGH concur.
Report per Rule 30(e).