STATE OF NORTH CAROLINA v. BRENDA JOYCE NOBLES

No. 8918SC1241

(Filed 17 July 1990)

1. **Criminal Law § 174 (NCI4th)— defendant's competency to proceed to trial—sufficiency of evidence to support court's ruling**

    The trial court did not err in ruling that defendant was competent to proceed to trial where the trial judge conducted an extensive voir dire hearing, properly considered the testimony of a general psychiatrist who had been appointed by the court to examine defendant regarding her competency to stand trial, and properly considered the reports of defendant's evaluation by a doctor at Dorothea Dix Hospital.

    **Am Jur 2d, Criminal Law §§ 67, 68.**

2. **Jury § 6.3 (NCI3d)— voir dire examination of prospective jurors—defense counsel's questions disallowed—no error**

    The trial court did not err by disallowing certain questions posed by defense counsel during the voir dire examination of prospective jurors.

    **Am Jur 2d, Jury §§ 200-202, 212.**

3. **Kidnapping § 1.3 (NCI3d)— child abduction—requested instruction on scienter improper**

    In a prosecution of defendant for child abduction the trial court was not required to give defendant's requested instruction on scienter, since that was not a correct statement of the law. N.C.G.S. § 14-41.

    **Am Jur 2d, Abduction and Kidnapping §§ 20, 21.**

4. **Criminal Law § 1133 (NCI4th)— sentence for child abduction— aggravating factor of inducing another to participate—insufficiency of evidence**

    In sentencing defendant for child abduction the trial court erred in finding as a factor in aggravation that defendant

induced another to participate as an accessory after the fact where there was evidence that defendant's daughter assisted her in caring for the child after defendant took him from the hospital, but the record was devoid of any evidence tending to show that defendant actually induced her daughter's participation in the offense after the fact; furthermore, there was no reasonable relationship between this finding in aggravation and the purpose of sentencing.

Am Jur 2d, Abduction and Kidnapping § 34; Criminal Law §§ 598, 599.

5. Criminal Law § 1161 (NCI4th) — sentence for child abduction — victim only a few days old — youth improper aggravating circumstance

The fact that the victim was only a few days old did not make defendant "more blameworthy" than she already was as a result of committing the offense of child abduction, and it was thus error for the trial judge to aggravate defendant's sentence because of the victim's extreme youth.

Am Jur 2d, Abduction and Kidnapping § 34; Criminal Law §§ 598, 599.

6. Criminal Law § 1127 (NCI4th) — sentence for child abduction — aggravating circumstance of child's location in hospital improper

In sentencing defendant for child abduction it was error for the trial judge to consider the location of the child in a hospital at the time of the abduction as a factor in aggravation, since the victim's vulnerability was increased by his mere presence in a place which was accessible to the general public, but this fact was in no way related to defendant's conduct or character.

Am Jur 2d, Abduction and Kidnapping § 34; Criminal Law §§ 598, 599.

7. Criminal Law § 1108 (NCI4th) — sentence for child abduction — aggravating circumstance of defendant's mental condition improper

In sentencing defendant for child abduction it was error for the trial judge to aggravate defendant's sentence on the ground that she suffered from an abnormal mental condition which made her significantly more dangerous to others, since

the crime for which defendant was convicted was not a violent one, nor was there any evidence that defendant had a history of violent, threatening, or psychotic behavior, and the evidence was thus insufficient to support the trial judge's finding of dangerousness.

**Am Jur 2d, Abduction and Kidnapping § 34; Criminal Law §§ 598, 599.**

APPEAL by defendant from *DeRamus, Judge.* Judgment entered 5 April 1989 in Superior Court, GUILFORD County. Heard in the Court of Appeals 6 June 1990.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Doris J. Holton, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Constance H. Everhart, for defendant, appellant.*

HEDRICK, Chief Judge.

[1] Defendant first contends the trial court erred by ruling that defendant was competent to proceed to trial. In support of her contention, defendant argues "the state's evidence was both inadmissible and inadequate to support the judge's determination of competency." We disagree.

"In determining a defendant's capacity to stand trial, the test is whether he has capacity to comprehend his position, to understand the nature of the proceedings against him, to conduct his defense in a rational manner and to cooperate with his counsel so that any available defense may be interposed." *State v. Bundridge,* 294 N.C. 45, 49-50, 239 S.E.2d 811, 815 (1978). "The question of defendant's capacity is within the trial judge's discretion and his determination thereof, if supported by the evidence, is conclusive on appeal." *State v. Reid,* 38 N.C. App. 547, 548-49, 248 S.E.2d 390, 391 (1978), *disc. rev. denied,* 296 N.C. 588, 254 S.E.2d 31 (1979). In a hearing to determine defendant's capacity to stand trial, "the ordinary rules as to the competency of evidence applied in a trial before a jury are to some extent relaxed, for the reason that the judge with knowledge of the law is able to eliminate from the testimony he hears that which is immaterial and incompetent, and consider only that which tends properly to prove the facts to be found." *State v. Willard,* 292 N.C. 567, 574, 234 S.E.2d

587, 591 (1977). "Absent affirmative evidence to the contrary, this Court presumes that the trial judge disregarded incompetent evidence in arriving at his decision." *Id.*

In the present case, the trial judge conducted an extensive *voir dire* hearing to determine defendant's competency to stand trial as required by G.S. 15A-1002(b)(3). At the hearing, the State presented the testimony of Dr. Steven Sanders, a general psychiatrist practicing in High Point, North Carolina, who had been appointed by the Court to examine defendant regarding her competency to stand trial. Dr. Sanders testified that in his opinion defendant was "able to understand the nature and the proceedings against her, . . . to comprehend her own situation in reference to the proceedings against her, . . . and to assist in her defense in a reasonable and responsible manner." The State also introduced into evidence the reports of defendant's evaluation by Dr. Rollins at Dorothea Dix Hospital which were conducted in August and September of 1988 in which he concluded that defendant was competent to stand trial.

Defendant argues that Dr. Sanders' testimony should have been excluded because "[h]e lacked the necessary expertise to render an opinion as to defendant's competency, and that his opinion was based upon inadequate data." With respect to the hospital reports, defendant argues that the evidence should have been excluded because it was hearsay and too remote. We have reviewed the exceptions upon which defendant bases these arguments and find no error in the trial judge's rulings allowing the testimony of Dr. Sanders and the hospital reports to be admitted into evidence. Furthermore, the evidence presented by the State was clearly sufficient to support the trial judge's finding that defendant was competent to proceed to trial. This assignment of error is overruled.

[2] Next, defendant contends "[t]he trial court erred by disallowing certain questions posed by defense counsel during the *voir dire* examination of prospective jurors, thereby depriving defendant of her statutory and constitutional rights to make diligent inquiry into their fitness for service as jurors and to ensure selection of an impartial jury." We disagree.

It is well established that "counsel's exercise of the right to inquire into the fitness of jurors is subject to the trial judge's close supervision" and "[t]he regulation of the manner and the extent of the inquiry rests largely in the trial judge's discretion." *State v. Avery*, 315 N.C. 1, 20, 337 S.E.2d 786, 797 (1985). "[T]he

court should not permit counsel to question prospective jurors as to the kind of verdict they would render, or how they would be inclined to vote, under a given state of facts." *State v. Vinson*, 287 N.C. 326, 336, 215 S.E.2d 60, 68 (1975). On appeal, "[a] defendant seeking to establish . . . that the exercise of such discretion constitutes reversible error must show harmful prejudice as well as clear abuse of discretion." *State v. Young*, 287 N.C. 377, 387, 214 S.E.2d 763, 771 (1975).

In the case *sub judice*, defendant maintains the trial judge erred in sustaining the State's objections to six questions posed by her counsel to the prospective jurors. We have examined each question challenged by this assignment of error and find no conceivable prejudice to defendant in the trial judge's rulings thereon.

**[3]** In her third contention, defendant asserts "[t]he trial court erred in its charge to the jury by failing to instruct on scienter as an element of the offense . . . ." Defendant argues that the trial court's failure to instruct the jury that "defendant must have abducted the child 'knowingly' and 'knowing that the victim was not her child,' " as requested by defendant, resulted in the imposition of strict liability for the offense in violation of state and federal requirements of due process, and violated the court's duty to declare and explain the law arising on the evidence. This contention is also without merit.

The trial judge is required to give a requested instruction only when it is a correct statement of the law and supported by the evidence. *See State v. Corn*, 307 N.C. 79, 296 S.E.2d 261 (1982). In the present case, defendant was charged with child abduction in violation of G.S. 14-41 which provides:

> If anyone shall abduct or by any means induce any child under the age of fourteen years, who shall reside with its father, mother, uncle, aunt, brother or elder sister, or shall reside at a school, or be an orphan and reside with a guardian, to leave such person or school, he shall be punished as a Class G felon.

There is nothing in this section which requires that the abduction should be with a particular intent. To support a conviction for this offense, it is only necessary to allege and prove that the child was abducted, or by any means induced to leave its custodian. *State v. Chisenhall*, 106 N.C. 676, 11 S.E. 518 (1890).

The record clearly indicates that the instructions given to the jury by the trial judge were supported by substantial evidence and were proper in all other respects. We hold the trial judge did not err in refusing to instruct the jury as duly requested by defendant because it was not a correct statement of the law. This assignment of error is overruled.

Finally, defendant contends that she is entitled to a new sentencing hearing because in sentencing her the trial court relied on three nonstatutory aggravating factors which were not supported by the evidence. For the reasons set forth below, we agree.

G.S. 15A-1340.4(b) provides in pertinent part:

If the judge imposes a prison term for a felony that differs from the presumptive term provided . . . the judge must specifically list in the record each matter in aggravation or mitigation that he finds proved by a preponderance of the evidence.

G.S. 15A-1340.4(a) further provides:

In imposing a prison term, the judge . . . may consider any aggravating and mitigating factors that he finds are proved by the preponderance of the evidence, and that are reasonably related to the purposes of sentencing, whether or not such aggravating or mitigating factors are set forth herein . . . .

In the present case, defendant was charged with child abduction in violation of G.S. 14-41. By statute, child abduction is classified as a Class G felony carrying with it a presumptive prison term of four and one-half years. G.S. 14-41; G.S. 15A-1340.4(f)(5). Defendant, however, was sentenced to twelve years imprisonment for this offense.

In sentencing defendant, Judge DeRamus found three nonstatutory aggravating factors which are set out in the record as follows:

1. The Court finds as an aggravating factor that the defendant induced another to participate as an accessory after the fact to the offense, or in the commission of the offense itself.

2. The Court finds that the victim, Jason Ray McClure, was not just very young, as the Statutory aggravating factor reads but was extremely young and because of such extreme youth

was very vulnerable by reason of physical and mental immaturity, and vulnerable by reason of location in a hospital at a young age, as a temporary residence, rather than a more permanent residence to which the public would not have as great an access, and as part of this finding, the Court is considering the fact that the defendant took advantage of this vulnerability.

3. As an additional finding in aggravation, nonstatutory, the Court finds that the defendant has suffered and continues to suffer from an abnormal mental condition or conditions that makes her significantly more dangerous to others than the great majority of the general public.

Based upon these findings, Judge DeRamus concluded that the factors in aggravation outweighed the factors in mitigation and sentenced defendant to a term of imprisonment in excess of the presumptive term for the crime charged. Our review of the record, however, reveals that the factors in aggravation found by the trial judge were not proven by a preponderance of the evidence, nor were they proper as a matter of law.

[4] First, we hold that the trial judge's finding that defendant "induced another to participate as an accessory after the fact" was not supported by substantial evidence in the record. In finding this factor in aggravation, the trial judge must focus on the role of defendant in "inducing" others to participate, not on the actions of the participants. *See State v. Lattimore*, 310 N.C. 295, 311 S.E.2d 876 (1984). In the present case, there is evidence in the record tending to show that defendant's daughter assisted her in caring for the child after defendant took the child from the hospital. However, the record is devoid of any evidence tending to show that defendant actually "induced" her daughter's participation in the offense after the fact. Furthermore, we perceive no reasonable relationship between this finding in aggravation and the purpose of sentencing.

[5] We also find error in the trial judge's finding in aggravation that the victim was vulnerable because of his extreme youth and location in a hospital at the time of his abduction. In *State v. Hines*, our Supreme Court stated:

One of the purposes of sentencing is to impose a punishment commensurate with the offender's culpability (citation omitted).

Age should not be considered as an aggravating factor in sentencing unless it makes the defendant more blameworthy than he or she already is as a result of committing a violent crime against another person. A victim's age does not make a defendant more blameworthy unless the victim's age causes the victim to be more vulnerable than he or she otherwise would be to the crime committed against him or her . . . .

314 N.C. 522, 525, 335 S.E.2d 6, 8 (1985). In *State v. Sumpter*, 318 N.C. 102, 347 S.E.2d 396 (1986), the Court applied this principle and granted the defendant a new sentencing hearing where he was charged and convicted of taking indecent liberties with a minor, and the trial judge aggravated his sentence on the ground that the victim was very young. In that case, the Court noted, "the determination of vulnerability must be made in light of the crime committed" and "we cannot say that the victim's age made her more vulnerable to the offense of indecent liberties with a minor than other victims of the offense." *Id*. at 112-113, 347 S.E.2d at 402.

In the present case, defendant was charged with child abduction which, by statute, requires that the victim of the offense be under the age of fourteen. G.S. 14-41. We hold the fact that the victim was only a few days old does not make defendant "more blameworthy" than she already is as a result of committing the offense of child abduction, and it was thus error for the trial judge to aggravate defendant's sentence because of the victim's extreme youth.

[6] Likewise, it was error for the trial judge to consider the location of the child in a hospital at the time of the abduction as a factor in aggravation. It is well established that a factor considered in aggravation must relate to the character or conduct of the defendant. *See State v. Chatham*, 308 N.C. 169, 301 S.E.2d 71 (1983). Here, the victim's vulnerability was increased by his mere presence in a place which was accessible to the general public. We fail to see how this fact is in any way related to defendant's conduct or character, and therefore, it should not have been taken into account for the purpose of sentencing.

[7] Finally, it was error for the trial judge to aggravate defendant's sentence on the ground that she "ha[d] suffered and continues to suffer from an abnormal mental condition or conditions that makes her significantly more dangerous to others than the great majority of the general public." A mental or emotional disorder

may not be considered as an aggravating factor unless the evidence presented shows that "manifestations of that disorder involve . . . little hope of rehabilitation coupled with serious antisocial and criminal behavior. . . ." *State v. Todd*, 313 N.C. 110, 122, 326 S.E.2d 249, 256 (1985). Although the evidence in the present case does demonstrate that defendant had serious psychiatric problems, we find the evidence insufficient to support the trial judge's finding of dangerousness. The crime for which defendant was convicted was not a violent crime, nor was there any evidence presented that defendant had a history of violent, threatening, or psychotic behavior. Since the record fails to demonstrate that defendant's mental condition has "little hope of rehabilitation coupled with serious antisocial and criminal behavior," we hold the trial judge erred in considering defendant's mental condition as an aggravating factor.

Defendant received a fair trial free from prejudicial error, but for the reasons set forth above, the case is remanded to the Superior Court, Guilford County for resentencing.

No error in trial; remanded for resentencing.

Judges ARNOLD and GREENE concur.