STATE OF NORTH CAROLINA
v.
JOHN LEWIS WRAY, JR.

No. COA12-1406

Filed 6 August 2013

**1. Constitutional Law—appointed counsel—capacity to proceed evaluation—not a critical point of trial**

The trial court did not err by failing to appoint counsel for defendant after a remand from defendant's first trial and before he was ordered to submit to a capacity to proceed evaluation. There was no potential for substantial prejudice and this was not a critical stage of his trial.

**2. Sentencing—greater sentence after retrial—conviction of more serious offense**

The trial court did not err by imposing a higher sentence following a remand where defendant was found guilty of a more serious offense at the second trial.

Appeal by defendant from judgment entered 13 June 2012 by Judge Timothy S. Kincaid in Cleveland County Superior Court. Heard in the Court of Appeals 8 May 2013.

*Attorney General Roy Cooper, by Special Deputy Attorney General Joseph E. Herrin, for the State.*

*Charlotte Gail Blake, for defendant-appellant.*

CALABRIA, Judge.

John Lewis Wray, Jr. ("defendant") appeals from a judgment entered upon jury verdicts finding him guilty of possession with intent to sell or deliver ("PWISD") cocaine, sale of cocaine, and attaining the status of an habitual felon. We find no error.

## I. Background

In 2007, defendant was arrested and indicted for PWISD cocaine, sale of cocaine and for attaining the status of an habitual felon. At trial in Cleveland County Superior Court, although the trial court had appointed "three of the best lawyers in Cleveland County," appointed yet another attorney ("the fourth attorney") to represent defendant. After defendant told the court that he did not want to be represented by the fourth attorney, the court reminded defendant of the possible prison sentence he faced and asked him whether he was certain that he wanted to represent himself. The trial court found that defendant had forfeited his right to counsel and defendant proceeded to trial *pro se*. The jury was unable to reach a verdict on the sale of cocaine charge but found defendant guilty of PWISD cocaine and attaining the status of an habitual felon. The trial court sentenced defendant to a minimum of 136 months and a maximum of 173 months to be served in the North Carolina Department of Correction. Defendant appealed. This Court concluded that defendant might not have been competent to proceed *pro se* and "that the trial court erred by granting defense counsel's motion to withdraw and in ruling that [d]efendant had forfeited his right to counsel." *State v. Wray,* 206 N.C. App. 354, 371, 698 S.E.2d 137, 148 (2010) ("*Wray* I"). As a result, this Court reversed and remanded the case. *Id.*

On 10 May 2011, the trial court filed a motion and ordered defendant's commitment to Central Regional Hospital for a period not to exceed sixty (60) days for observation and treatment to determine his capacity to proceed. In its order, the court included the reason for the commitment, stating "[t]he North Carolina Court of Appeals has

determined that there is an issue concerning this defendant's capacity to proceed." On 7 June 2011, defendant was examined and submitted to a capacity to proceed evaluation. Subsequently, a forensic psychiatrist determined defendant was capable to proceed on the pending charges. Since defendant was not represented by an attorney on 29 August 2011, the trial court appointed an attorney for defendant and modified his bond to $500.00, secured. On 9 April 2012, the Court found defendant was competent to proceed.

At the second trial, the State produced evidence that law enforcement officers worked with Philip West ("West"), a paid informant, on 27 September 2006, making controlled drug buys. Since West wore a recording device, the officers could hear what occurred when he made a purchase from defendant. When West returned to the officers, they downloaded a video of the interaction. The State played the video at trial. The State also produced evidence that West paid defendant $20.00 for less than 0.1 grams of cocaine.

The jury returned verdicts finding defendant guilty of PWISD cocaine, sale of cocaine, and attaining the status of an habitual felon. The trial court consolidated the offenses of PWISD cocaine and sale of cocaine and sentenced defendant to a minimum of 142 months and a maximum of 180 months in custody of the North Carolina Division of Adult Correction. Defendant appeals.

## II. Defendant's Right to Representation Prior to Capacity Evaluation

**[1]** Defendant argues that the trial court erred by failing to appoint counsel to represent him after *Wray* I and before ordering defendant to submit to a capacity to proceed evaluation. Specifically, defendant argues that that time period was a critical stage of his trial that required defendant to be appointed counsel. We disagree.

The United States Supreme Court has held that "[t]he presumption that counsel's assistance is essential require[d them] to conclude that a trial is unfair if the accused is denied counsel at a critical stage of his trial." *United States v. Cronic*, 466 U.S. 648, 659, 104 S. Ct. 2039, 2047, 80 L. Ed. 2d 657, 668 (1984). Our Supreme Court has determined that "[w]hether a critical stage has been reached depends upon an analysis of whether potential substantial prejudice to defendant's rights inheres in the particular confrontation and the ability of counsel to help avoid that prejudice." *State v. Detter*, 298 N.C. 604, 620, 260 S.E.2d 567, 579 (1979) (internal quotation marks and citation omitted). Furthermore, "[a] critical stage has been reached when constitutional rights can be

waived, defenses lost, a plea taken or other events occur that can affect the entire trial." *Id.*

A capacity to proceed evaluation is conducted to determine "whether [defendant] has capacity to comprehend his position, to understand the nature of the proceedings against him, to conduct his defense in a rational manner and to cooperate with his counsel so that any available defense may be interposed." *State v. Nobles,* 99 N.C. App. 473, 475, 393 S.E.2d 328, 329 (1990) (quotation marks and citation omitted). Our Supreme Court has held that a "defendant had no constitutional right to have counsel present during his competency evaluation." *State v. Davis,* 349 N.C. 1, 20, 506 S.E.2d 455, 465 (1998).

In the instant case, the trial court ordered defendant to undergo an evaluation at Central Hospital on his capacity to proceed in accordance with its interpretation of the Court of Appeals' opinion. At the evaluation, the psychiatrist only asked defendant questions regarding his mental capacity to proceed. Furthermore, since defendant's evaluation was performed by a psychiatrist at Central Hospital while he had been released on bond, he did not waive his constitutional rights, lose any of his potential defenses, and he certainly could not enter any type of a plea during a hospital commitment. In addition, because he was not in custody at the time of the evaluation, we hold there was no potential for substantial prejudice and this was not a critical stage.

Defendant cites *Estelle v. Smith* for the proposition that a defendant must be able to consult with an attorney prior to submitting to a competency hearing. 451 U.S. 454, 101 S. Ct. 1866, 68 L.Ed.2d 359 (1981). However, *Estelle* is distinguishable because in that case, the defendant had already been appointed an attorney, was already in custody and the competency evaluation was conducted in the defendant's jail cell. *Id.* at 469-71, 101 S. Ct. at 1876-77, 68 L.Ed.2d at 373-74. Furthermore, the State used the psychiatrist's testimony at the penalty stage of the trial to prove future dangerousness and the Court held that because the defendant's counsel was not notified of the interview and given the opportunity to advise his client on whether to submit to it, information secured from the defendant could not be used by the State at trial. *Id.* at 471, 101 S.Ct. at 1877, 68 L.Ed.2d at 374.

In the instant case, defendant was not in custody, but rather had been released from incarceration. Although defendant was not appointed an attorney until after the competency evaluation occurred, the trial court appointed an attorney on 29 August 2011. Approximately eight months later, on 9 April 2012 the attorney represented defendant

at a court hearing and the trial court determined that he was competent to proceed. We hold that the trial court's order committing defendant to a competency evaluation was not a critical stage and defendant was not denied his Sixth Amendment right to counsel.

## III. Sentencing

[2] Defendant argues that the trial court erred by sentencing defendant in violation of N.C. Gen. Stat. § 15A-1335 because after successfully appealing his original sentence, defendant received a higher sentence at his new trial. We disagree.

Pursuant to statute,

> When a conviction or sentence imposed in superior court has been set aside on direct review or collateral attack, the court may not impose a new sentence for the same offense, or for a different offense based on the same conduct, which is more severe than the prior sentence less the portion of the prior sentence previously served.

N.C. Gen. Stat. § 15A-1335 (2011). When the court consolidates multiple offenses for judgment, the "judgment shall contain a sentence disposition specified for the class of offense and prior record level of the most serious offense...." N.C. Gen. Stat. § 15A-1340.15(b) (2011); *see State v. Mack*, 188 N.C. App. 365, 381, 656 S.E.2d 1, 13 (2008).

In the instant case, defendant was indicted for sale of cocaine, PWISD cocaine and attaining the status of an habitual felon. At his first trial, defendant was found guilty of PWISD cocaine, a Class H felony, and attaining the status of an habitual felon and was sentenced to a minimum of 136 and a maximum of 173 months. Defendant appealed the judgment and was granted a second trial. At the second trial, the jury found defendant guilty of sale of cocaine, a class G felony, PWISD cocaine and attaining the status of an habitual felon. The trial court consolidated for judgment the offenses of sale of cocaine and PWISD cocaine and sentenced defendant to a minimum of 142 months and a maximum of 180 months. Since defendant was found guilty of attaining the status of an habitual felon at both trials, the trial courts sentenced defendant as an habitual felon, thus elevating his sentence to a Class C felony. N.C. Gen. Stat. § 14–7.6 (2009).[1]

---

1. N.C. Gen. Stat. § 14–7.6 was amended in 2011 and became effective for all offenses committed on or after 1 December 2011. Since the offense date for defendant's charges was 27 September 2006, the older version of the statute applies to the instant case.

When the trial court consolidated defendant's felony convictions after the second trial, according to N.C. Gen. Stat. § 15A-1340.15(b) defendant was sentenced under the most serious offense. Although the trial court sentenced defendant as a Class C felon at both trials, at the second trial the court sentenced defendant for the sale of cocaine because the sale of cocaine is a more serious offense than PWISD cocaine. Defendant was not found guilty of, nor sentenced for, the sale of cocaine at the first trial. Therefore, when the trial court sentenced defendant for the sale of cocaine at the second trial, it was the first time defendant received a sentence for the sale of cocaine. N.C. Gen. Stat. § 15A-1335 does not apply here because the trial court did not impose a more severe sentence "for the same offense[.]" N.C. Gen. Stat. § 15A-1335 (2011).

Relying on *State v. Skipper*, defendant contends that because he was sentenced as an habitual felon at both his first and second trials, "the trial court ... had no choice but to enter [] sentence[s] for a single Class C felony pursuant to § 15A–1340.15(b)." *Skipper*, __ N.C. App. __, ___, 715 S.E.2d 271, 273 (2011). Therefore, according to defendant, he should not have received a higher sentence after his second trial, even though the jury returned a verdict finding him guilty of the additional charge of sale of cocaine. Defendant is mistaken.

In *State v. Gardner*, this Court declined to follow *Skipper*, and instead relied on the principles in *State v. Vaughn*. *Gardner*, __ N.C. App. ___, __, 736 S.E.2d 826, 832 (2013). Citing *Vaughn*, this Court found that "the term 'prior felony conviction' refers only to 'a prior adjudication of the defendant's guilt ... [t]he term ... does *not* refer to the sentence imposed for committing a prior felony' " and therefore "the fact that a defendant has been '*sentenced as* a Class C felon,' ... does not mean that the actual underlying offense is transformed into a Class C felony." *Id.* (citing *State v. Vaughn*, 130 N.C. App. 456, 460, 503 S.E.2d 110, 113 (1998)). Therefore, the fact that defendant was sentenced as a Class C felon at both the first and second trials does not mean that the underlying offenses were transformed into Class C felonies. Despite the fact the convictions were raised to Class C felonies for the purpose of punishment, the trial court sentenced defendant for the most serious offense at each trial. *See Gardner*, __ N.C. App. at __, 736 S.E.2d at 832. Since defendant was found guilty of a more serious offense at the second trial, the trial court sentenced defendant accordingly. Therefore, we hold that the trial court did not err when it sentenced defendant to a more severe sentence.

### IV.  Conclusion

We hold that the trial court did not err by not appointing an attorney for defendant prior to his competency evaluation because the trial court's order committing defendant to a competency evaluation was not a critical stage. We also find that the trial court did not violate N.C. Gen. Stat. § 15A-1335.

No error.

Judges STEELMAN and McCULLOUGH concur.